Thomas W. Robertson, Appellant, *v.* The Ongley Electric Company, Respondent.

In an action upon a promissory note, executed in this state by defendant, a New Jersey corporation, ·payable by its terms two years from date, these facts appeared: At the time of the giving of the note defendant, to secure its payment, executed a chattel mortgage upon certain personal property specified therein, situate in New Jersey. The mortgage provided, among other things, that in case the mortgagor "permit or suffer any attachment or other process against property to be issued against it," that the debt secured "shall become instantly due and payable." About four months after the execution of the note an attachment was issued in an action against defendant in this state, which was levied upon some of its property here, and thereupon this action was brought. *Held*, that the property referred to in the provision as to attachments was that described in and covered by the mortgage; and so that, as no portion thereof had been levied upon by virtue of the attachment, the condition was not broken and the note was not due when the action was commenced.

(Argued April 15, 1895; decided April 23, 1895.)

Appeal from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made December 14, 1894, which affirmed a judgment in favor of defendant entered upon a decision of the court dismissing the complaint on trial at Special Term.

This was an action upon a promissory note.

The facts, so far as material, are stated in the opinion.

*Treadwell Cleveland* for appellant. This action is not prematurely brought. (*Herrman* v. *M. Ins. Co.*, 81 N. Y. 188; *Westcott* v. *Thompson*, 18 id. 145; *Ward* v. *Whitney*, 8 id. 446; *Savage* v. *H. Ins. Co.*, 52 id. 502; *Rohrbach* v. *G. Ins. Co.*, 62 id. 63; *O'Brien* v. *C. F. Ins. Co.*, 63 id. 112; *Campbell* v. *Bank*, 2 Biss. 423; *Roffey* v. *Bent*, L. R. [3 Eq.] 759; *Hipkins* v. *G. L. Co.*, 5 H. & N. 75.)

*Rufus W. Peckham, Jr.*, for respondent. The defendant did not permit or suffer an attachment to issue against its

property, and the complaint was properly dismissed. (*Comm.* v. *Curtis,* 9 Allen, 266; *Gore* v. *Lloyd,* 12 M. & W. 463; *Gibson* v. *King,* 1 C. & M. 458; *Shaffer* v. *Greer,* 87 Penn. St. 371; *Campbell* v. *T. N. Bank,* 2 Biss. 423.)

O'BRIEN, J.   The only question involved in this appeal is whether the note upon which the action was brought was due, and this depends upon the construction which should be given to the instrument which accompanied it.

The action was upon a promissory note made by the defendant of $22,783.33, dated New York, Nov. 1, 1892, payable two years after date to the plaintiff's order in the city of New York, with interest at five per cent.   The action was commenced on April 4, 1893, about five months after it was made. The defendant is a New Jersey corporation, with its principal office and place of business in that state, but doing business in New York.   On March 20th, 1893, a suit was brought against the defendant by a third party, by attachment in the Supreme Court of New York, which was levied upon some of its property in this state, and was in force at the time of the commencement of the present action.   It is claimed by the plaintiff that under the terms of an instrument, referred to hereafter, and by reason of these facts, the note became due when the attachment was levied, though the claim upon which it was procured is denied by the defendant and resisted by a defense in the action.   The trial court dismissed the complaint and the judgment has been affirmed at General Term.

The instrument referred to is a chattel mortgage, bearing even date with the note, whereby the defendant conveyed to the plaintiff certain personal property therein described, situated in the state of New Jersey, upon condition, however, that in case the defendant paid the note and interest, according to its terms, the transfer should be void, and then follows the clause upon which the plaintiff relies to support its contention that the note was due in these words:

" And the said party of the first part, for itself and its successors and assigns, covenants and agrees to and with the said

party of the second part, his executors, administrators and assigns, that in case default shall be made in the payment of the said principal sum above mentioned, or in the payment of the interest thereon, or in case the said party of the first part shall at any time before the day of payment herein provided for, remove the said goods, chattels and property, or any part thereof, or permit or suffer any attachment or other process against property to be issued against it, or permit or suffer any judgment to be entered up against it, then the said principal sum above mentioned shall become instantly due and payable, and then it shall and may be lawful for, and the said party of the first part does hereby authorize and empower the said party of the second part, his executors, administrators and assigns, with the aid and assistance of any person or persons, to enter upon the premises of the party of the first part, and such other place or places whatever in which the said goods, chattels and property, or any part thereof, are or may be placed, and to take and carry away the said goods, chattels and property, and to sell and dispose of the same either at public auction or private sale, without notice thereof to the party of the first part, its successors or assigns, and out of the money arising therefrom to retain and pay the said principal sum above mentioned and interest, and all charges touching the same, rendering the overplus, if any, unto the said party of the first part, its successors or assigns."

. The subject-matter of this instrument was the personal property transferred in security of the debt. It is conceded that all of its language relates to this subject, except the words " or permit or suffer any attachment or other process against property to be issued against it, or permit or suffer any judgment to be entered up against it." The contention in behalf of the plaintiff is that whenever an attachment issued and was levied upon any of the defendant's property, wherever situated, without regard to the validity of the claim upon which it was procured or its amount, or the court or jurisdiction from which it proceeded, then these conditions were broken, and the note became instantly due, although the prop-

erty mortgaged was not affected. This interpretation is based upon a literal reading of the clause in the mortgage. The purpose which the parties had in view and the real matter in hand was the protection of the mortgaged property from invasion or disturbance by third parties through legal process which would endanger the security and put the mortgagee to trouble and expense in defending it. This was the subject in the minds of the parties, and, though the words would seem to admit of a larger sense, yet they should be restrained to the particular occasion and to the particular object which the parties had in view. The parties were inserting conditions calculated to secure the mortgaged property and that alone; but, by the generality of the language used, these conditions are made to apply to other property and to all the property the defendant had, wherever situated. In such cases the general words will be confined to the subject-matter and to the particular occasion. (*Van Hagen* v. *Van Rensselaer*, 18 Johns. 423.) They should not be taken in their broadest sense, but in that in which it is reasonable to suppose they were used and understood by the parties themselves. The contention of the learned counsel for the plaintiff, when pushed to all its results, and when all its possibilities are given full scope, means that the parties have stipulated that this note should become presently due whenever an attachment should be issued and levied on the defendant's property on a claim of five dollars or any other nominal amount by a justice of the peace in any state or county where the defendant happened to be at the time doing business. It is quite certain that the parties had no intention to bring about such a result, and, if they have used some general words which would seem to give support to such a view, they will be limited to the subject-matter of the contract, which was the identical property described in the mortgage. It is apparent that a period of credit was intended to be given, but, if we adopt the plaintiff's contention, the note was practically payable on demand, since it would fall due at any time when an attachment was levied on the defendant's property anywhere, for ever

so insignificant a claim, whether valid or not. Attachments are easily obtained against foreign corporations, and in the case of a concern having business transactions in many states and even in foreign countries, the event which made the note due, upon the plaintiff's contention, could readily be brought about at any time. But giving such an extreme and unreasonable construction to the words used would result in placing the maker of the note completely in the power of the holder and this is to be avoided if possible (*Russell* v. *Allerton*, 108 N. Y. 288; *Wright* v. *Reusens*, 133 id. 298; *Halpin* v. *Ins. Co.*, 120 id. 73; *White* v. *Hoyt*, 73 id. 505), and is avoided by limiting the meaning and application of the word " property " to the property described in the preceding part of the instrument. We must read the whole instrument, and when we find the parties using a certain word or expression in different parts of it, it is reasonable to suppose that it was always used in the same sense unless a different meaning was plainly intended, and if the meaning is more clear and certain in some parts than in others, those which are obscure may be illustrated by the light of others. (2 Parsons on Cont. 501.) So general words which would seem to be used in a large or extensive sense may be narrowed and limited to what appears from the general scope of the contract to be the intention and object which the parties had in view. (2 Wharton's Law of Contracts, 664.) Contracts are not to be interpreted by giving a strict and rigid meaning to general words or expressions without regard to the surrounding circumstances or the apparent purpose which the parties sought to accomplish.

On the contrary, as was said in *Coyne* v. *Weaver* (84 N. Y. 390), " a court may wrestle, if need be, with unwilling words to find the truth, or preserve a right which is endangered." We think, therefore, that the condition with respect to the issue and levy of an attachment, which was to make the note instantly due, applied only to process under or by virtue of which the mortgaged property or the possession thereof was to be affected, endangered or disturbed, and since it is

undisputed that this event had not taken place when this action was commenced the condition, according to its true meaning, was not broken and the note was not due.

The judgment should be affirmed, with costs.

All concur, except PECKHAM, J., not voting.

Judgment affirmed.