HELEN C. OSBORN, Plaintiff, *v.* BANKERS TRUST COMPANY, and ALEX F. OSBORN, Defendants.

Supreme Court, Special Term, New York County, April 19, 1938.

*W. Russell Osborn*, for the plaintiff.

*White & Case*, for the defendant Bankers Trust Company.

*Tompkins, Boal & Tompkins*, for the defendant Alex F. Osborn.

HAMMER, J.   Plaintiff has brought this action under section 473 of the Civil Practice Act for the construction of a deed of trust made December 31, 1928, by defendant Osborn as settlor to his wife, the plaintiff, as beneficiary, and Bankers Trust Company, as trustee, and to obtain a declaration of rights thereunder.

The question presented is whether the instrument is a revocable or irrevocable deed of trust.   This depends on whether the investment powers must be construed as powers in trust, or as beneficial. In the event that they are the latter, plaintiff in her complaint seeks specific performance of the agreement under which the deed was made and for reformation of the deed so that it will express the true agreement and interest of the parties.

On December 3, 1923, the defendant husband made a deed of trust of his stock in Barton, Durstine & Osborn, Inc., to Bankers Trust Company as trustee for his wife.   The deed was amended and made irrevocable by agreement dated December 22, 1924, and further amended December 23, 1924, to provide that the settlor " will not have the right to withdraw any part of the trust funds during the existence of said trust and   *   *   *   will not have the right to revoke the said trust."

In 1928 Barton, Durstine & Osborn, Inc., merged with George Batten Company, Inc., the merger corporation becoming Batten, Barton, Durstine & Osborn, Inc.   All are New York corporations. In consummating the merger it became desirable, under advice of counsel representing defendant and the merger interests, in order to facilitate the steps and transactions involved, to obtain temporarily a revocation of the existing trust so that defendant Osborn, as owner absolute, could act in respect of the stock comprising the trust *res*.   Counsel advised a revocation of the existing deed and its reinstatement of the trust agreement after the consolidation and merger were completed.   Defendant Osborn explained the transaction as he knew it to his wife, and for safety wrote her a letter which in part reads: " As you know, the Trust Agreement with the Bankers Trust Company whereunder all of my stock in Barton, Durstine & Osborn, Inc., has been held by the Bankers Trust Company as trustee for the benefit of Mrs. Osborn has been *temporarily* terminated for the purpose of facilitating the carrying out of the reorganization plan of Barton, Durstine & Osborn, Inc., and George Batten Company, Inc.   It was understood that as soon as the reorganization was completed, a new Trust Agreement would

be executed by me, and my Barton, Durstine & Osborn, Inc., stock and the stock of Batten, Barton, Durstine & Osborn, Inc., to be received by me would be placed in trust." The beneficiary did not consult counsel, as she understood, as did her husband also, that the arrangement was one of convenience only, and the existing agreement in its exact terms would be reinstated. Neither contemplated any change of terms in the new instrument, nor did either intend any time that the settlor would have or reserve any right in himself to use investment powers for his own benefit or adversely to the interest of the beneficiary or the remainderman. When counsel prepared the new instrument with the inconvenience, caused by the form in which the previous instrument was expressed, in mind, but without any intention to change the irrevocable character of the understanding and agreement of the parties, provision was inserted which has caused the difficulty confronting the parties and led to the necessity for judicial construction. Plaintiff is concerned with her own rights and more so as the parties have four infant children of ages from five to eighteen years, and, although they are not parties to the trust, plaintiff in their interest through her is apprehensive.

The 1923 trust deed, as amended, provided: " Article Third: The Trustee is hereby directed and it hereby agrees during the life of the Donor as follows: * * * (c) To assign, transfer, exchange or otherwise dispose of the securities hereby transferred or any part thereof, or any securities or property in which the proceeds of such securities may be invested or reinvested, at such times and in such manner and to such person or persons and at such price and upon such terms as the Donor may direct by written instructions to the Trustee." The provision as stated in the 1928 instrument is stated as follows: " Third: Said Trustee is authorized to retain any and all securities at any time in its hands hereunder and except as above limited, to make investments and changes of investments of the trust fund. Any and all investments and changes of investments of the trust fund by such Trustee shall be made by it in accordance with the written instructions of the party of the first part and said Trustee shall not be liable for any investments or changes of investments made by it in accordance with such written instructions."

In New York the law governing powers is statutory and is contained in the Real Property Law. The rule of the common law was abrogated by the statute which abolished powers as then existing. The same principle applies to a grant or bequest of personal property. (*Matter of Moehring,* 154 N. Y. 423, 427.) Section 130 of the Real Property Law states: " Hereafter the creation, construction and execution of powers, affecting real property, shall be subject to the provisions of this article."

Section 131 of the statute defines the term " power ": " A power is an authority to do an act in relation to real property, or to the creation or revocation of an estate therein, or a charge thereon, which the owner, granting or reserving the power, might himself lawfully perform."

Section 144 provides: " The grantor in a conveyance may reserve to himself any power, beneficial or in trust, which he might lawfully grant to another; and a power thus reserved shall be subject to the provisions of this article, *in the same manner as if granted to another*." (Italics mine.)

Section 136 defines a beneficial power: " A general or special power is beneficial, where no person, other than the grantee, has, by the term of its creation, any interest in its execution."

Section 137 defines a power in trust: " A general power is in trust, where any person or class of persons, other than the grantee of the power, is designated as entitled to the proceeds, or any portion of the proceeds, or other benefits to result from its execution."

Even when the creator of a trust reserves to himself broad powers of management with discretion absolute and uncontrolled as trustee, he is subjected to all the obligations of fidelity and diligence attached to that office. No power of discretion can relieve him from his obligations and duties as trustee. (*Carrier* v. *Carrier*, 226 N. Y. 114.)

In respect of trust property of which there is given or reserved a power of disposition, if any person other than the one with the power is interested in its execution, it is regarded as a power in trust, not as a beneficial power. (*Kinnier* v. *Rogers*, 42 N. Y. 531; *Stafford* v. *Washburn*, 208 id. 536.) A trustee with authority to dispose of the entire property for the purpose of the trust has not more than a power in trust, usable only for purposes of the trust and not for any other or unauthorized purpose or intent. (*Matter of Wentworth*, 230 N. Y. 176.) The circumstances attending the execution of the agreement must be considered and, if necessary, provisions construed not in accordance with rigid primary meaning but taken at such meaning as will preserve the rights of the parties which they apparently sought to accomplish. (*Robertson* v. *Ongley Electric Co.*, 146 N. Y. 20; *People ex rel. New York Cent. & H. R. R. R. Co.* v. *Walsh*, 211 id. 90; *Becker* v. *Frasse & Co.*, 255 id. 10.) The entire agreement, the relation of the parties and the circumstances under which it was executed must be considered. (*Atwater & Co.* v. *Panama R. Co.*, 246 N. Y. 519.) Any uncertainty or ambiguity of meaning must be construed in favor of the beneficiary and what it was understood was being done for her, and against the defendant who prepared the instrument. (*Gillet* v.

*Bank of America*, 160 N. Y. 549; *Wood* v. *Paul*, 250 Penn. St. 508; 95 A. 720.) If there is any misunderstanding, ambiguity or indefiniteness, the practical construction given by the parties is entitled to great consideration. (*Woolsey* v. *Funke*, 121 N. Y. 87.) A power in trust must be exercised in good faith and sincerity. (*Portland* v. *Topham*, 11 Clark's H. L. C. 39.) A circuity by which a transfer of legal title may become vested in a trustee or the donee of a power is unavailing. (*Boerum* v. *Schenck*, 41 N. Y. 182.) " An instrument in execution of a power is affected by fraud, in the same manner as a conveyance or will, executed by an owner or by a trustee." (Real Prop. Law, § 181.) The evidence shows a desire to preserve the trust, irrevocable as in the original form, but any attempt at frustration, or any fraudulent device for that purpose, would be of no avail to the trustee, and would entitle the beneficiary to full equitable protection.

Under the facts shown and the law applicable it would seem that the reserved investment power, including the change of language in the clause quoted, read with the rest of the trust agreement, must be construed as continuing a general power in trust and as not giving defendant Osborn a beneficial power or any absolute right in the trust *res*. There is no evidence that defendant Osborn intended to reserve to himself any power to enjoy the corpus, and he may not use the power for his own benefit directly or indirectly. This construction gives full effect to the different provisions of the instrument. Thus far declaratory judgment is an appropriate remedy.

Plaintiff, however, asserts the defendants admit and the evidence shows that the parties intended to reinstate the provisions of the irrevocable trust of December 31, 1923, as amended, and desired the instrument of December 31, 1928, to express such provisions and understood that it did express same. The prior trust deed was irrevocable and for the duration of the life of the donee. The new trust instrument provides the following: Article 1. " To hold the same in trust during the life of the wife of the donor, Helen C. Osborn, or until the trust is sooner terminated as herein provided," and, again, in the same paragraph, to pay her the income, etc., " during her lifetime or until the trust is sooner terminated as herein provided." Plaintiff contends that the above provision of Article First, read with the provisions of Article Third, subdivisions (c) and (e), would enable creditors or anyone with an interest hostile to the trust or its continuation to assert with at least a considerable show of conviction that defendant Osborn has a right to end the trust before plaintiff's death.

Article Third, subdivisions (c) and (e), read as follows:

" The Trustee is hereby directed and it hereby agrees during the life of the Donor as follows:

" (c) To assign, transfer, exchange or otherwise dispose of the securities hereby transferred or any part thereof, or any securities or property in which the proceeds of such securities may be invested or reinvested, at such times and in such manner and to such person or persons and at such price and upon such terms as the Donor may direct by written instructions to the Trustee; but as to said shares of stock of the Corporation and/or voting trust certificates therefor, the Trustee without instructions from the Donor shall perform and carry out all the terms of the said Stockholders' Agreement, the said Insurance Agreement, and the said two letters and any contracts or agreements made pursuant to said two letters or either of them. (e) Subject to the conditions of said two letters and any contracts or agreements made pursuant to said two letters or either of them, to cause the certificates or stock and/or any other securities and/or any voting trust certificates which may, from time to time, comprise the Trust Fund or any part thereof to be registered in the names of such person, firm or corporation as the Donor may direct by written instructions to the Trustee."

Under the construction given above and the entire instruments of 1923, as amended, and of 1928, there does not seem to be much danger of a successful attack along the lines suggested. Paragraph first of the 1923 instrument reads: " Upon the death of the party of the first part, if this trust is then in force, the same shall immediately terminate and the principal of the fund then held in trust shall be distributed by the Trustee, free of the trusts hereby created, to his said wife, as her sole and absolute property, but subject in the case of the stock of Barton, Durstine & Osborn, Inc., to the agreement hereinafter mentioned."

Paragraph first of the 1928 instrument reads: " Should the Donor die during the lifetime of said Helen C. Osborn then, upon his death, after carrying out the provisions of the said Stockholders' Agreement, of the said Insurance Agreement and of the said two letters, and any contracts or agreements made pursuant to said two letters or either of them, to convey, transfer, pay over and deliver the principal of the Trust Fund to the said Helen C. Osborn free of the trust hereby created."

The parties, nevertheless, intended that the 1928 instrument would, and understood it did, contain the provisions of the 1923 deed as amended. By mutual mistake the 1928 instrument has been subjected to question as being revocable, reserving a beneficial interest in the donor, and being for a period less than the life of the

beneficiary. This is contrary to the intention and understanding of the parties. Plaintiff, by reformation, wants the instrument to contain the language of the 1923 deed as amended; defendant does not seriously object, but argues that the advice of his counsel convinces him judicial construction will be sufficient safeguard of the rights of the parties. In my opinion plaintiff is entitled to the reformation sought. The Bankers Trust Company desires instructions and expresses accord with the construction which has been given above.

Submit decision and judgment on notice. No costs.