**FIFTH AVE. BANK OF NEW YORK v. NUNAN, Collector of Internal Revenue.**

Civil Action No. 3424.

District Court, E. D. New York.

Jan. 13, 1945.

Finch & Schaefler, of New York City (Leon Schaefler and Edward Kurland, both of New York City, of counsel), for plaintiff.

T. Vincent Quinn, U. S. Atty., of Brooklyn, N. Y. (Stanley W. Herzfeld, Asst. U. S. Atty., of New York City, of counsel), for defendant.

MOSCOWITZ, District Judge.

Motions for summary judgment under Rule 56 of the Federal Rules of Civil Procedure 28 U.S.C.A. following section 723c, have been made by both parties. The action is brought by the executor of Henry Hill, deceased, to recover the sum of $9,-353.98 with interest, representing the portion of the federal estate tax paid under protest by that estate.

Henry Hill died on August 11, 1941. Under date of November 1, 1934, the decedent executed a trust indenture, transferring to the Fifth Avenue Bank of New York, as trustee, the sum of $100,000, the material portions of the said instrument reading as follows:

"First: (a) To hold, manage, invest and reinvest the same and to collect and receive the rents, issues, profits, interests and other income therefrom, and after the deduction of all taxes, other proper charges and expenses incident to the administration of the trust to pay the net income therefrom in quarter annual installments to Henry Hill Vidal, daughter of the Grantor, during her lifetime.

"(b) Upon the death of said Louise Hill Vidal, thereafter to pay the net income in quarter annual installments to Henry Hill Vidal, grandson of the Grantor for and during his lifetime.

"(c) (Not pertinent)

"Second: Upon the death of said Henry Hill Vidal, if he shall survive the said Louise Hill Vidal, or upon the death of said Louise Hill Vidal, if the said Henry Hill Vidal shall predecease her, then to assign, transfer and pay over the principal of said trust, to the issue of said Henry Hill Vidal, in shares per stirpes and not per capita, or if the said Henry Hill Vidal leave no issue him surviving, then to pay over such principal to Eunice Hill Weber, niece of the Grantor, if living, or if she be dead, then to her issue and the issue of her brother and sister, then living, in equal shares per capita and not per stirpes.

"Third: During the lifetime of the Grantor the Trustee is hereby authorized and empowered to invest in such securities as it may deem best, and shall not be limited to investments prescribed by the Laws of the State of New York for trustees, except however, that during the existence of this trust the Trustee shall not invest in stocks, bonds or other securities of railroad corporations or their subsidiaries. After the death of the Grantor the Trustee is authorized and empowered to retain the property and securities then comprising the trust fund, or any part thereof, or to convert the same, or any part thereof, into cash and to invest and reinvest the proceeds in such securities as are prescribed by the Laws of the State of New York for trustees. The Trustee shall not be liable for any depreciation in value or loss occasioned by the retention, purchase or sale of securities by it. The Grantor hereby reserves the right to amend or alter the provisions of this paragraph, but no amendment or alteration shall be made which shall, in any way, increase the obligations of the Trustee hereunder."

The parties have stipulated that the ages of the settlor and of the persons in whom interests were created by the trust agreement were at the time of its execution as follows: Henry Hill, settlor, 71 years; Louise Hill Vidal, first life beneficiary, 49 years; Henry Hill Vidal, second life beneficiary, 14 years; Eunice Hill Weber, niece of the settlor, 33 years; Lawson Rutherford, 2 years, and Howard Hill Weber, Jr., 9 years, being issue of the brother and sister of the settlor's niece, Eunice Hill Weber.

The disputed tax was assessed under authority of the Internal Revenue Act of 1926, as amended, Section 302 of which specifies what shall be included in the gross estate of a decedent for the purpose of determining the estate tax to be paid. It is the defendant's view that the tax applies to the property transferred during the

decedent's lifetime in 1934 to the trustee and never in fact recovered by the settlor for two reasons which will be considered separately.

Firstly, it is the defendant's view that this trust comes within the provisions of Section 302 (c),[1] which reads as follows:

"The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property * * *

"(c) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, or of which he has at any time made a transfer, by trust or otherwise, under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death (1) the possession or enjoyment of, or the right to the income from, the property, or (2) the right, either alone or in conjunction with any person, to designate the persons who shall possess or enjoy the property or the income therefrom; except in case of a bona fide sale for an adequate and full consideration in money or money's worth. * * *"

Assuming the trust to be irrevocable, it is argued that the settlor has made no provision for the disposition of the corpus in case all the named contingent remaindermen predeceased him or the life tenants, in which event the corpus would revert to the settlor or to his estate upon the death of the two life beneficiaries, and that this possibility of reverter would not be terminated until the settlor's death, thus being a "transfer to take effect in possession or enjoyment at or after (the) death" of the grantor. Under this view the defendant contends that the corpus of the trust is taxable, minus the value of the vested life estate to Louise Hill Vidal.

The case of Helvering v. Hallock, 309 U.S. 106, 60 S.Ct. 444, 84 L.Ed. 604, 125 A.L.R. 1368, is relied upon by the defendant but the factual situation is far from analogous to that before this Court and decisions since the Hallock case have confined the application of its holding to its own particular facts. There the decedent had created an inter vivos trust, income to

be paid to his wife during her life, corpus to be returned upon her death to the grantor if he was still living or to his children if he were not alive. The Supreme Court merely approved its decision in 1931 involving almost identical facts (Klein v. United States, 283 U.S. 231, 51 S.Ct. 398, 75 L.Ed. 996) and relieved it of technical distinctions based on the form of conveyancing subsequently sought to be grafted thereon (i.e. Helvering v. St. Louis Trust Co., 296 U.S. 39, 56 S.Ct. 74, 80 L.Ed. 29, 100 A.L.R. 1239; Becker v. St. Louis Trust Co., 296 U.S. 48, 56 S.Ct. 78, 80 L.Ed. 35).

■ The Hallock and Klein cases definitely establish the scope of Section 302 (c) of the Internal Revenue Act. Not only are interests taxable which are deemed to pass at death under the law of property, but also those created during a grantor's lifetime the vesting of which is so contingent upon his death as to be equivalent to and a substitute for testamentary disposition. If the trust provides a string or tie by which the return or reversion of the corpus to the donor depends upon a contingency determinable only by his death, the transfer is within 302 (c). In the application of this test, substance will control rather than form and merely the phrasing of a grant will not create a judicially cognizable difference in the scope of 302(c).

■ In the instant case, no interest was created or acquired upon the death of the grantor. In the Hallock and Klein cases, the remainders in others were contingent upon the grantor's death prior to that of the life beneficiary; if the grantor survived the life tenant, the corpus was to be returned to him by virtue of the terms of the indenture. Clearly the remaindermen did not become entitled to enjoyment until the death of the grantor; the passing of the interest was determined by the death of the grantor and this brought the transfer within Section 302 (c). But here the death of Henry Hill created nothing and no interest was passed to or acquired by anyone at his death. The interest of the remaindermen was created by the trust agreement and would ripen into possession, not contingent upon the death of the grantor, but upon the death of the two life beneficiaries without regard to the death of the grantor. The mere possibility that—as a matter of law and not by the terms of the

---

[1] Revenue Act of 1926, c. 27, 44 Stat. 9, Section 302, as amended by Section 803(a) of the Revenue Act of 1932, c. 209, 47 Stat. 169, 26 U.S.C.A. Int.Rev.Acts, page 228, 26 U.S.C.A. Int.Rev.Code, § 811.

756

agreement—if all the named remaindermen predeceased the grantor or the life beneficiaries, the corpus would be returned to the grantor or pass as part of his estate, is too remote to bring this inter vivos transfer within 302(c). Not to recognize the distinction which remoteness creates would be to hold that every inter vivos trust is subject to the estate tax, since it would be nigh impossible to negative the reversion of the corpus as a matter of law upon failure of the trust under every conceivable contingency. Commissioner of Internal Revenue v. Kellogg, 3 Cir., 1941, 119 F.2d 54; Lloyd's Estate v. Commissioner of Internal Revenue, 3 Cir., 1943, 141 F.2d 758; Philbrick v. Manning, D.C.N.J.1944, 57 F.Supp. 245. The cases of Commissioner of Internal Revenue v. Allen, 3 Cir., 108 F.2d 961, and Commissioner of Internal Revenue v. Washer, 6 Cir., 127 F.2d 446, are not applicable. The Court has also considered, for what relevancy they have, the cases of United States v. Brown, 9 Cir., 134 F.2d 372, Bankers Trust Co. v. Higgins, 2 Cir., 136 F.2d 477, Helvering v. Proctor, 2 Cir., 140 F.2d 87 and Fidelity-Philadelphia Trust Co. v. Rothensies, 3 Cir., 142 F.2d 838.

The recent decision by the Court of Claims in the case of Central Hanover Bank & Trust Co. v. United States, 57 F. Supp. 497, 500, brought to the Court's attention by the defendant, is not at variance with the conclusion reached herein. There the grantor, a widow of 42 years of age, created an irrevocable trust, reserving the income to herself for life with remainder to her three children, aged 11, 19 and 20 or the survivors of them and the issue of a child who might predecease the grantor. Without selecting any one as determining its conclusion, the court held that three factors combined to render this trust taxable under the test of the Hallock case, i. e., "too much akin to testamentary disposition (or intestate succession) not to be subjected to the same excise": (1) The same persons named as trust beneficiaries would succeed to the property if the grantor had died intestate owning the corpus; in the instant case, the contingent remaindermen were a niece and grandniece and grandnephew of the grantor. (2) While the court noted that the reservation in the grantor of a life interest did not alone render the transfer subject to the estate tax under the statute in force at the time of the creation of the trust, it was influenced by such reservation as further evidence that the provisions of the trust were akin to intestate distribution; here the life tenants were a daughter and grandson of the settlor and the settlor retained no interest in the income. (3) The court did not pass upon the question whether taxability may be determined by the degree of probability that the property will revert to the grantor, although it recognized and cited authority for the application of that proposition. Assuming the principle to be applicable, the court felt that the likelihood of this 42-year-old woman surviving her three children and possible issue was substantial; the same could hardly be said of a 71-year-old man and his chance of surviving five persons ranging in ages from 2 to 49 years—that likelihood would indeed be negligible.

■ . The trust created in 1934 was not a transfer to take effect in enjoyment or possession at or after the grantor's death within Section 302 (c) and is therefore not taxable.

Secondly, the defendant contends that the last sentence of paragraph Third (which paragraph deals with the investment policy to be followed by the trustee), reserving to the grantor "the right to amend or alter the provisions of this paragraph", brings this trust within Section 302(d), 26 U.S.C.A. Int.Rev.Acts, Page 228, which renders taxable "any * * * transfer, by trust * * * where the enjoyment thereof was subject at the date of his (the grantor's) death to any change through the exercise of a power * * * to alter, amend or revoke * * *".[2]

The defendant does not contend that there was here an express power to revoke as such; his conclusion that the enjoyment of the transfer in trust was subject to change is reached by indulging the supposition that the grantor's reserved power to alter or amend the provisions of the third paragraph could have been used to revest the corpus in himself by requiring the trustee to purchase from the grantor at a substantial price securities which had little or no market value. The defendant in his brief suggests that the power in the in-

[2] Under this view, the whole trust would be taxable, including the life interest of Louise Hill Vidal, upon which no tax was collected but the defendant seeks no affirmative relief in this action and merely moves for judgment denying plaintiff's claim for refund.

denture could be exercised by amending paragraph Third to read as follows:

"During the lifetime of the settlor the trustee shall sell to the settlor such part of the trust corpus as the settlor may direct at whatever price the settlor may fix and shall buy from the settlor such of his assets as the settlor may specify at whatever prices the settlor may determine, without regard to the market price of the assets involved and without regard to the effect of such transactions on the trust estate."

■ That such power, assuming its existence, was in fact not resorted to in the seven years during which the grantor lived is of no significance; its existence alone is to be appraised in determining whether the trust was subject to tax. It is the position of the plaintiff that such power does not exist under the language of the indenture and that even if it does exist, it can have no legal efficacy since it could not be exercised without compliance to its command by the trustee and that such compliance cannot be supposed when it would necessarily entail breach by the trustee of its primary fiduciary duty imposed by law. The plaintiff points out that the trustee is under obligation to preserve the corpus of the trust and to make investments which are to the best advantage of the beneficiaries, the latitude of its policy depending upon the terms of the indenture, but that the trustee could not legally purchase securities at a price which it knew to be in excess of their value even at the direction of the settlor. Thus, this limitation would as a matter of law make impossible compliance by the trustee with the suggested amendment and the indenture also expressly makes it impossible by providing that "no amendment or alteration shall be made which shall, in any way, increase the obligations of the trustee hereunder".

■ A settlor may retain the power to control certain action of the trustee and the trustee must comply with the exercise of such power unless to do so would violate the terms of the trust or a fiduciary duty imposed upon it by law. The power may be one for the benefit of the beneficiaries in general or it may be for the sole benefit of the person who holds the power. In the former case, the trustee is under a duty to refuse compliance with an attempted exercise of the power which violates the holder's fiduciary obligation to the beneficiaries. Restatement of the Law of Trusts, Sec. 185 (e). If the power is solely for the benefit of the holder, the trustee's only duty is to ascertain whether the attempted exercise is within the terms of the trust. Chandler v. Commissioner of Internal Revenue, 3 Cir., 1941, 119 F.2d 623; Restatement of the Law of Trusts, Sect. 185(d). To be exercisable for the sole benefit of the settlor, the power must be express and unambiguous; it cannot be implied.

■ This distinguishes the Chandler case and the case of Commonwealth Trust Co. of Pittsburgh v. Driscoll, D.C., 50 F Supp. 949, affirmed 3 Cir., 137 F.2d 653 certiorari denied 321 U.S. 764, 64 S.Ct. 521. relied upon by the defendant. The language expressly incorporated in the instruments in those cases was equivalent to what the defendant suggests the settlor here could have employed under his reserved power to amend the third paragraph. Taxability resulted from the express reservation of a power clearly within 302 (d). But no such power was expressly reserved here. Especially when read in conjunction with the sixth paragraph [3] it is clear that the express power to amend retained in the third paragraph was not for the settlor's own benefit but merely to permit him to change the investments for the benefit of the named beneficiaries. Nor can a beneficial power be implied for the reasons stated. Downe v. Commissioner of Internal Revenue, November 2, 1943, 2 T.C. 967, and cases cited; Maloy v. Commissioner of Internal Revenue, 45 B.T.A. 1104; Carrier v. Carrier, 226 N.Y. 114, 123 N.E. 135; Osborn v. Bankers Trust Company, 168 Misc. 392, 5 N.Y.S.2d 211.

The trust property is not an interest within Section 302 (d) and is not taxable thereunder.

The plaintiff's motion for summary judgment is granted and that of the defendant is denied. Settle order on notice.

[3] Pertinent parts of the sixth paragraph read: "The Trustee is hereby authorized and empowered to sell any property constituting a portion of the trust fund * * *; to retain any such property as an investment so long as it may deem advisable; * * * to exchange the securities of any corporation for other securities issued by the same or by any other corporation, at such times and upon such terms and conditions as the trustee shall deem proper * * *."