## POST et al. v. UNITED STATES.
### Civil Action No. 4932.

District Court, E. D. New York.

June 12, 1945.

Julian S. Bush, of New York City (W. Kintzing Post, of New York City, of counsel), for plaintiffs.

Samuel O. Clark, Jr., Asst. Atty. Gen., Andrew D. Sharpe, and Frederic G. Rita, Sp. Asst. to Atty. Gen., and Miles F. Mc-Donald, U. S. Atty., and Frank J. Parker, Asst. U. S. Atty., both of Brooklyn, N. Y., for defendant.

GALSTON, District Judge.

Both parties have moved for summary judgment.

The facts are not in dispute. The suit is one for the recovery of federal estate taxes alleged to have been assessed erroneously and illegally against and collected from the plaintiffs in the amount of $1404.-63. It appears that Mary Lawrence Post, the decedent, executed a deed of trust which provided that the income on the trust fund was to be paid by the trustees to and for the use of all of the children of Henry Grafton Chapman and Martha Chapman then and thereafter born, and the lawful issue of any child of theirs who may die during the term of the trust.

Upon the termination of the trust by the death of the survivor of Elizabeth Chapman and Robert Perkins Chapman, children of Henry Grafton Chapman and Martha Chapman, the principal of the entire fund was to go to the lawful issue then living of Henry Grafton Chapman and Martha Chapman, or failing any such issue, then to the lawful issue then living of the trustor.

The settlor, Mary Lawrence Post, on May 6, 1930, when the deed of trust was executed by her, was fifty-nine years old; Henry Grafton Chapman and Martha Chapman, his wife, were respectively forty-two and thirty-three years old; their children, Elizabeth and Robert, were respectively seven and five years old. Moreover, at that time the settlor had living six children and four grandchildren.

The settlor died on August 12, 1939 at the age of sixty-nine years. She was survived by Henry Grafton Chapman and Martha Chapman, as well as by their children, Elizabeth and Robert Chapman, their only children at that date. The settlor was survived by six children and eight grandchildren.

On March 8, 1943 the Commissioner of Internal Revenue determined a deficiency in the estate tax, of which $1227.18 resulted from the inclusion by the Commissioner, on the authority of Section 811(c) of the Internal Revenue Code, 26 U.S.C.A. Int. Rev.Code, § 811(c), of an alleged rever-

sionary interest of the decedent under the aforesaid deed of trust. On April 8, 1943, plaintiffs paid the additional assessment with interest, and now seek by this action to recover it, having made due demand upon the Collector who rejected the refund claim.

It is the contention of the Government that in the circumstances recited, the settlor retained a reversion in the trust corpus so as to make the trust property taxable and part of the settlor's estate, as determined by the Commissioner under Sec. 302 (c) of the Revenue Act of 1926, 26 U.S. C.A. Int.Rev.Acts, page 227. (Provisions of the Statute will be found in the margin.*)

The defendant argues that the trust deed having provided, "upon the termination of this trust, by the death of the survivor of said Elizabeth Chapman and Robert Perkins Chapman, the principal of the entire fund shall go and belong to the lawful issue then living of said Henry Grafton Chapman and Martha Chapman * * * or failing any such issue, then to the lawful issue then living of the settlor * * *," if all the designated persons had pre-deceased the settlor, the trust corpus would have reverted to the settlor. The contention is that since a person's issue cannot be determined until his death, no remainder was ever created by the attempted conveyance to the issue of the settlor. It is argued that this interest did not pass until the settlor's death, and that the value of the corpus, less the value of the two outstanding life estates, was properly included in her taxable estate, citing Helver-

ing v. Hallock, 309 U.S. 106, 60 S.Ct. 444, 84 L.Ed. 604, 125 A.L.R. 1368; Fidelity-Philadelphia Traction Co. v. Rothensies, 65 S.Ct. 508, and Commissioner v. Field's Estate, 65 S.Ct. 511.

However, the principle laid down in Helvering v. Hallock, supra, is not clearly applicable in this case. There the trust involved a gift of the income to the wife of the settlor for her life and on her death the corpus was to pass to the settlor, if then living, and if dead to the children. The court said [309 U.S. 106, 60 S.Ct. 448]:

"The statute taxes * * * inter vivos transfers that are too much akin to testamentary disposition as not to be subjected to the same excise. * * * bringing into the gross estate at his death that which the settlor gave contingently upon it."

In a very able brief the plaintiffs, analyzing the application of Helvering v. Hallock and the litigations which follow that case, find they fall into varying categories, depending upon their facts.

The first group is such as Commissioner v. Estate of Lester Field, supra, which as in Helvering v. Hallock discloses a trust wherein the settlor expressly reserved the possession or the right of disposal of the property, if alive at the termination of the trust. In a second group, which includes Fidelity-Philadelphia Trust Co. v. Rothensies supra, the settlor reserved a life estate for himself and also a power of appointment over or a reversion in any undisposed of residue.

A third group, falling outside of both of

---

* "Sec. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated.

\* \* \* \* \* \* \* \*

"(c) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, except in case of a bona fide sale for an adequate and full consideration in money or money's worth. Where within two years prior to his death but after the enactment of this Act and without such a consideration the decedent has made a transfer or transfers, by trust or otherwise, of any of his property, or an interest therein, not admitted or shown to have been made in contemplation of or intended to take effect in possession or enjoyment at or after his death, and the value or aggregate value, at the time of such death, of the property or interest so transferred to any one person is in excess of $5,000, then, to the extent of such excess, such transfer or transfers shall be deemed and held to have been made in contemplation of death within the meaning of this title. Any transfer of a material part of his property in the nature of a final disposition or distribution thereof, made by the decedent within two years prior to his death but prior to the enactment of this Act, without such consideration, shall, unless shown to the contrary, be deemed to have been made in contemplation of death within the meaning of this title; * * *."

Title 26, Sec. 811(c).

the foregoing categories, consists of cases which disclose a situation in which the trust corpus is disposed of independently of the settlor's death, and not contingent upon it, and in which the settlor has neither reserved a life estate nor any reversion or possibility of reverter on ultimate failure of the trust. Commissioner v. Kellogg, 3 Cir., 119 F.2d 54; Lloyd's Estate v. Commissioner, 3 Cir., 141 F.2d 758; and the recently decided case in this court, Fifth Avenue Bank of New York v. Nunan, 59 F.Supp. 753.

The terms of this trust in principle fall within the doctrine of the cases last cited. Clearly under the Post trust the devolution of the property proceeds wholly independently of the settlor's death and is in no way contingent upon it. She provided, as a measure for the termination of the trust, the death of the survivor of Elizabeth Chapman and Robert Perkins Chapman. There was no reversionary provision for the settlor or for any other exercise of power by the settlor. There is no suggestion in the whole instrument to indicate any power in the settlor of disposition or control over the trust fund or its income whether she died before the termination of the trust or subsequent thereto. The most that can be said is that the trust fund might pass "to the lawful issue then living of the trustor." But in the event that that contingency arose, such surviving issue of the testator—and she had fourteen in number —would according to the law of the State of New York, as set forth in Guaranty Trust Company v. Harris, 267 N.Y. 1, 195 N.E. 529, 531, take "their contingent interests by purchase and not by descent."

Lloyd's Estate et al. v. Commissioner of Internal Revenue et al., supra [141 F.2d 761], referring to the Hallock case, said:

"We think it is clear that the Hallock case was neither intended to nor did work any change in the test applied in the Klein case [Klein v. United States, 283 U.S. 231, 51 S.Ct. 398, 75 L.Ed. 996] for determining whether there had been an inter vivos transfer of an interest intended to take effect in possession or enjoyment at or after the transferor's death. The Hallock case

expressly approved and quoted, inter alia (309 U.S. at page 111, 60 S.Ct. at page 448, 84 L.Ed. 604, 125 A.L.R. 1368) from the Klein case as follows: 'It is perfectly plain that the death of the grantor was the indispensable and intended event which brought the larger estate into being for the grantee and effected its transmission from the dead to the living, thus satisfying the terms of the taxing act and justifying the tax imposed.'"

The Third Circuit, in the Lloyd case, had before it facts falling within the principle of the Post trust. There the settlor created a separate inter vivos trust for each of his two sons for life, with respective trust powers and provisions as to the remainders. In the trust instrument Lloyd reserved to himself the power to modify the trust but not to revoke the same in whole or in part. Later, pursuant to this power, he did amend the trust by providing that the trust principal was to be paid to the son's wife and his descendants according to the Pennsylvania intestate laws, and if none such survived the son, then the trustee was to pay over the corpus to the settlor or to his legal representatives. The Third Circuit reversed the decision of the Board of Tax Appeals holding that the possibility of reverter in the settlor as thus provided did not constitute "transfer * * * intended to take effect in possession or enjoyment at or after his death", Revenue Act 1926, Sec. 302(c), 26 U.S.C.A. Int.Rev.Acts, page 227.

In the instant case the realities must be faced; and if faced clearly the inference is inevitably that the settlor reserved no economic or any other benefit of any kind. It was a purely inter vivos gift. Viewed in the strictest light, it cannot be interpreted as a devious device to avoid an estate tax by parting with property during her life. After all, one must search for the intention of the settlor and be guided by such intention as is clearly manifested in the instrument itself.

Accordingly the motion of the plaintiffs for summary judgment will be granted; and the motion of the defendant denied.