Maximilian Moss, S.
The executors seek a determination as to the meaning and effect of bequests made by testatrix under paragraphs “fourth”, “fifth” and “sixth” of her will. Testatrix owned fractional interests under certain joint venture agreements affecting three parcels of real property, namely, 770 Broadway, 1040 Park Avenue in New York City and one in Pittsburgh, Pa. Title to the realty had previously been taken in the name of a limited partnership in which testatrix was not a party. A person designated by the members of the joint venture as their agent acquired an undivided interest in the limited partnership and in each parcel of realty. Under the terms of the joint venture agreements, the parties thereto were deemed the owners of the undivided interest purchased in the name of the agent and profits and losses arising from the same were to be shared by each in the proportion of each member’s investment. The share of decedent in each joint venture varied.
Under the testatrix’ will, she bequeathed to named infant grandchildren all her “ right, title and interest ” in and to the real property described in each of said joint venture agreements. The provisions of the will are as follows:
‘ ‘ fourth : I give, devise and bequeath to my grandchildren, paúl and mark, children of my daughter, marión winter, or the survivor of them, all my right, title and interest in and to real property located at 770 Broadway, Borough of Manhattan, City and State of New York.
‘ ‘ fifth : I give, devise and bequeath to my grandchildren, Howard, fred and helen children of my son, Jacob, or those of them who shall survive me, all my right, title and interest in and to real property located at 1040 Park Avenue, Borough of Manhattan, City and State of New York.
“sixth: I give, devise and bequeath to my grandchildren, richard and Jeffrey, children of my daughter, pauline corwin, or the survivor of them, all my right, title and interest in and to certain real property located at 401 Shady Avenue, Pittsburgh, Pa.”
It is apparent that testatrix intended to bequeath whatever beneficial interests she possessed in the joint ventures under foregoing paragraphs “fourth”, “fifth” and “sixth”. The fact that the testatrix described such interests as real *648 property by street numbers which were the subject matter of each of said joint ventures will not defeat her intention to bequeath her interest in the joint ventures (Matter of Neil, 238 N. Y. 138; Collister v. Fassitt, 163 N. Y. 281, 286; Bradhurst v. Field, 135 N. Y. 564; Matter of Upjohn, 304 N. Y. 366). The said testatrix’ bequests were intended to convey her interest in the joint ventures, and the real property described thereunder served merely to identify the respective joint ventures. The intention of the testatrix gathered from the will as a whole and the surrounding circumstances governs (Matter of Watson, 262 N. Y. 284; Matter of Evans, 234 N. Y. 42).
It is urged that paragraph “ ninth ” of the joint venture agreements prohibit the transfer of testatrix’ interest thereunder to her grandchildren who are infants. Paragraph “ninth” provides in part: “Upon the death of any party hereto, the joint venture shall continue without interruption. The deceased party may designate any individual of full age to succeed him as a member of the joint venture * * *. The
designation shall be made in the last Will and Testament of the deceased party, or if not so made the executor or administrator of the deceased party shall make such designation.” Under paragraph “tenth” of the will, testatrix designated her executors to hold the benefits given to her minor grandchildren under a power in trust for their benefit until each attains the age of 21 years and to apply the same for their “ support, education and maintenance. ’ ’ The executors are further vested with power to sell or dispose of any property to carry out testatrix’ testamentary plan.
The court construes the language of paragraph “ ninth ” of the joint venture agreements as a limitation against persons not of full age becoming members of the joint venture, but it does not prevent a person of full age from becoming a member of the joint venture on behalf of and for the benefit of the infants. The joint venture agreements constituted contracts which are to be given a meaning consistent with the apparent purpose which the parties sought to accomplish (Robertson v. Ongley Elec. Co., 146 N. Y. 20; Gillet v. Bank of America, 160 N. Y. 549, 556). The executors therefore, if they choose to retain the interests bequeathed to the infants under paragraphs “ fourth ” and “ sixth ” of the will, become donees of a power in trust for the benefit of the said infant beneficiaries.
It appears that the real property mentioned under paragraph “ fifth ” was sold during the testatrix’ lifetime and the joint venture with respect to such property therefore terminated. Thereafter testatrix purchased an interest in a different joint *649 venture. The aforesaid legacies are specific legacies in the opinion of the court. Thus the nonexistence of the subject matter bequeathed in paragraph “fifth” effected an ademption of the legacy (Decedent Estate Law, §§ 39, 40; Matter of Rubinstein, 169 Misc. 273, 275, 276; Matter of Eibl, 206 Misc. 54; Matter of Brann, 219 N. Y. 263, 268). The interest of the testatrix in the joint venture which was acquired after the termination of the testatrix’ interest in the property referred to in paragraph “fifth” will therefore pass under the residuary clause of the will to the grandchildren mentioned therein in equal shares.