■ Fruition, Inc., Appellant, v Rhoda Lee, Inc., Respondent. [766 NYS2d 437]—

Order, Supreme Court, New York County (Barbara Kapnick, J.), entered January 2, 2003, which granted defendant's motion for partial summary judgment limiting plaintiff's damages, if any, to $56,418.12, unanimously affirmed, with costs.

The parties contracted for defendant to supply plaintiff with fabric which plaintiff broker then intended to resell to a third party at a profit. Defendant, however, allegedly became unable to perform because the contracted-for fabric was stolen from its warehouse, and this action for breach of contract ensued. On the instant motion, the court properly determined that plaintiff's recovery, if any, should be limited to the amount of its profit from the

planned resale of the fabric, i.e., the actual benefit that would have inured to it had the contract been performed. "The damages for which a party may recover for a breach of contract are such as ordinarily and naturally flow from the non-performance. They must be proximate and certain, or capable of certain ascertainment, and not remote, speculative or contingent. It is presumed that the parties contemplate the usual and natural consequences of a breach when the contract is made; and if the contract is made with reference to special circumstances, fixing or affecting the amount of damages, such special circumstances are regarded within the contemplation of the parties, and damages may be assessed accordingly" (*Booth v Spuyten Duyvil Rolling Mill Co.*, 60 NY 487, 492 [1875]). Although plaintiff argues that the intended resale of the fabric was not a special circumstance fixing the amount of damages because defendant at the time it contracted to sell the fabric to plaintiff did not know the price for which the fabric was to be resold, such knowledge was unnecessary. It was only necessary that "the parties [had] such a knowledge of special circumstances, affecting the question of damages, as that it may be fairly inferred that they contemplated a particular rule or standard for estimating them, and entered into the contract upon that basis" (*id.* at 494). That condition was certainly satisfied here where the parties were indisputably aware at the time of the contract that plaintiff broker was purchasing the fabric for immediate resale.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Nardelli, J.P., Mazzarelli, Sullivan, Rosenberger and Lerner, JJ. [As amended by unpublished order entered Mar. 25, 2004.]

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES LANE, Appellant. [766 NYS2d 353]—Judgment, Supreme Court, Bronx County (Steven Barrett, J., at plea and sentence), rendered on or about January 30, 2002, unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted (*see Anders v California*, 386 US 738 [1967]; *People v Saunders*, 52 AD2d 833 [1976]). We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal.

Pursuant to Criminal Procedure Law § 460.20, defendant has the right to apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that Court and by submitting such application to the Clerk of that Court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within 30 days after service of a copy of this order, with notice of entry.

Denial of the application for permission to appeal by the judge