■ CUSHMAN & WAKEFIELD OF CONNECTICUT, INC., Respondent, v ACCESS PRIVATE DUTY SERVICES AT HJDOI, INC., Doing Business as ACCESS HEALTHCARE SERVICES, et al., Appellants. [60 NYS3d 826]—

Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered September 25, 2016, which granted plaintiff's motion for summary judgment, denied defendants' cross motion for summary judgment, and directed the Clerk to enter judgment in plaintiff's favor in the amount of $190,023.65, unanimously affirmed, with costs.

Plaintiff and defendants entered into an exclusive broker's agreement for the period of February 16, 2011 to December 31, 2011. Under the agreement, defendants agreed to refer all inquiries or offerings regarding a lease or purchase of property, regardless of the source, to plaintiff. It also provided that all negotiations would be conducted or supervised by plaintiff, subject to defendants' review and final approval. It is undisputed that defendants' principal, Louise Weadock, entered into direct negotiations to lease a property with the property's landlord, SG Chappaqua B, LLC, in September 2011. It is also undisputed that she failed to involve plaintiff in such negotiations, and ultimately signed a lease on defendants' behalf in January 2012.

Plaintiff made a prima facie showing of entitlement to judgment as a matter of law on its breach of contract claim. Plaintiff submitted the agreement and an affidavit by plaintiff's em-

ployee who was involved in the transaction, Joshua Goldman, who averred that plaintiff performed its brokerage duties under the agreement, defendants failed to refer its lease negotiations with SG Chappaqua to plaintiff, and as a result plaintiff lost its commission (*see Clearmont Prop., LLC v Eisner*, 58 AD3d 1052, 1055 [3d Dept 2009]; *Morris v 702 E. Fifth St. HDFC*, 46 AD3d 478, 478 [1st Dept 2007]). Plaintiff also established its lost commission as proximate and certain damages that flowed directly from defendants' breach (*see Bi-Economy Mkt., Inc. v Harleysville Ins. Co. of N.Y.*, 10 NY3d 187, 192 [2008]; *Fruition, Inc. v Rhoda Lee, Inc.*, 1 AD3d 124, 125 [1st Dept 2003]). Plaintiff submitted evidence of the standard schedule of brokerage commissions for Westchester County, and, applying such standard, calculated that the damages for the lost commission were $190,023.65. While defendants assert that this calculation was speculative, plaintiff submitted evidence that SG Chappaqua and plaintiff had previous interactions and had agreed upon the standard schedule of brokerage commissions for Westchester County. SG Chappaqua's representative also testified at his deposition that, had he known that plaintiff was defendants' exclusive broker, SG Chappaqua would have paid the $190,023.65 to plaintiff. Concur—Acosta, P.J., Renwick, Webber, Oing and Moulton, JJ.