Alloy Advisory, LLC v 503 W. 33rd St. Assoc., Inc. (2021 NY Slip Op 03520)





Alloy Advisory, LLC v 503 W. 33rd St. Assoc., Inc.


2021 NY Slip Op 03520


Decided on June 03, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 03, 2021

Before: Manzanet-Daniels, J.P., Kapnick, Mazzarelli, Oing, JJ. 


Index No. 654753/17 Appeal No. 14001 Case No. 2020-03567 

[*1]Alloy Advisory, LLC, et al., Plaintiffs-Respondents,
v
503 West 33rd Street Associates, Inc., et al., Defendants-Appellants.


Mitchell Silberberg & Knupp LLP, New York (Paul D. Montclare of counsel), for appellants.
Sullivan & Worcester LLP, New York (George O. Richardson, III of counsel), for respondents.



Order, Supreme Court, New York County (Andrew Borrok, J.), entered July 14, 2020, which, to the extent appealed from as limited by the briefs, granted in part plaintiffs' motion for summary judgment on their first cause of action for breach of contract, and denied defendants' motion for summary judgment dismissing the first and second causes of action for breach of contract and anticipatory breach, unanimously affirmed, with costs.
The elements of a breach of contract claim are (1) the existence of a contract, (2) the plaintiff's performance, (3) the defendant's breach, and (4) resulting damages (Harris v Seward Park Hous. Corp., 79 AD3d 425, 426 [1st Dept 2010]). It is undisputed that the agreement constituted a contract and that plaintiffs performed under that contract by exchanging a term sheet (a 2014 letter of intent) with the prospective designated purchaser, made phone calls, exchanged emails with the purchaser, and updated defendants.
The primary issue on appeal is whether defendants breached the agreement by wrongful termination for failure to provide written notice and the opportunity to cure, as provided for in Section 1 of the broker's agreement. Defendants' January 12 and 13, 2016 emails to plaintiffs, which effectively terminated the agreement, constituted wrongful termination. There is no evidence that plaintiffs failed to perform under the agreement or that they revealed confidential information.
Furthermore, when one party repudiates a contract, the other party is entitled to claim damages for a total breach by the repudiating party, and any future performance by the nonbreaching party is excused (American List Corp. v U.S. News & World Report, 75 NY2d 38, 44 [1989]; Rachmani Corp. v 9 E. 96th St. Apt. Corp., 211 AD2d 262, 266 [1st Dept 1995]). The measure of damages for breach of a brokerage agreement is the amount of commission the broker would have earned, but for the breach (see Cushman & Wakefield of Conn., Inc. v Access Private Duty Servs. at HJDOI, Inc., 154 AD3d 447, 448 [1st Dept 2017]). Supreme Court correctly found that issues of fact existed as to whether plaintiffs would have been able to procure a term sheet within the term of the broker's agreement had they not been prevented from doing so by defendants' wrongful termination, and the issue of damages was correctly submitted to the trier of fact.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 3, 2021