■ STEPHEN L. ELSKY, Respondent, v HEARST CORPORATION et al., Appellants. [648 NYS2d 592] —Order, Supreme Court, New York County (Stephen Crane, J.), entered May 1, 1996, which partially granted defendants' motion to dismiss the complaint for failure to state a cause of action, unanimously reversed, to the extent appealed from, on the law, without costs, to grant the motion and dismiss the first, fourth, fifth and sixth causes of action in their entirety.

Although the IAS Court treated defendants' motion as one to dismiss pursuant to CPLR 3211, this Court will treat it as one for summary judgment, the parties' evidentiary submissions "clearly indicating that they were 'deliberately charting a summary judgment course' " (*Mihlovan v Grozavu*, 72 NY2d 506, 508, quoting *Four Seasons Hotels v Vinnik*, 127 AD2d 310, 320).

The fourth, fifth and sixth causes of action are premised upon an alleged statement by defendant Cunningham, an executive of defendant Hearst, that plaintiff had "cooked the books" while in Hearst's employ as a financial officer. However, the four people who are alleged to have heard the statement denied in their affidavits that they did, and plaintiff's conclusory, hearsay assertion that some unnamed individuals informed him of the comment is insufficient to raise an issue that the comment was in fact uttered (*see, Barber v Daly*, 185 AD2d 567, 569-570). Accordingly, the fourth, fifth and sixth causes of action are dismissed.

Plaintiff's first cause of action should similarly have been dismissed against the corporate defendant because the most reasonable interpretation of the non-disclosure provisions contained in paragraphs six and seven of the termination

agreement is that proposed by the defendant, i.e., the provisions were drafted to prohibit public statements, rather than the internal discussions within the company and its subsidiary which allegedly occurred in this case. Any other interpretation would lead to what we perceive to be a commercially unreasonable restriction upon the exchange of confidential information within the company, a result not contemplated by the parties upon execution of the agreement (*William A. White/ Tishman E. v Banko*, 171 AD2d 401, 402-403, *lv denied* 78 NY2d 857). Concur—Rosenberger, J. P., Kupferman, Nardelli, Tom and Mazzarelli, JJ.