■ 833 NORTHERN CORPORATION, Appellant, v TASHLIK AND ASSOCIATES, P. C., Respondent. [683 NYS2d 111] —In an action, *inter alia,* to recover additional rent under a lease, the plaintiff appeals from an order of the Supreme Court, Nassau County (DiNoto, J.), dated October 24, 1997, which denied its motion for summary judgment on its first cause of action for additional rent and to dismiss the defendant's counterclaims pursuant to CPLR 3211 (a) (7).

Ordered that the order is modified by (1) deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment on its first cause of action for additional rent, and substituting therefor a provision granting the plaintiff partial summary judgment on the issue of liability on that cause of action, and (2) deleting the provision thereof denying that branch of the plaintiff's motion which was to dismiss the defendant's first and fourth counterclaims, and substituting therefor provisions granting that branch of the

motion, and dismissing the first and fourth counterclaims; as so modified, the order is affirmed, without costs or disbursements.

Pursuant to a lease dated March 15, 1990, the defendant leased an office suite in a building owned by the plaintiff. The lease required the defendant to pay a monthly base rent plus additional rent consisting of the defendant's proportionate share of real estate taxes, rubbish removal charges, insurance payments, and utility costs for the common areas of the building. The defendant paid the base rent, but, in 1991, defaulted on its payment of additional rent. On April 1, 1997, the plaintiff commenced this action seeking, among other things, to recover the additional rent due. It subsequently moved for summary judgment on its first cause of action for additional rent and to dismiss the four counterclaims asserted by the defendant. The Supreme Court denied the motion.

On its motion, the plaintiff established the defendant's liability for the additional rent due from April 1, 1991, and the defendant's failure to make payment. The defendant's conclusory allegations in opposition to the motion, unsubstantiated by any evidentiary facts, were insufficient to raise a triable issue of fact as to the defendant's liability (*see, Zuckerman v City of New York,* 49 NY2d 557). The only factual issues raised by the defendant's opposition relate to the amounts owed for additional rent.

The lease requires the defendant to pay its proportionate share of any increase in real estate taxes over and above the base year ending December 31, 1990, which the plaintiff represented was a year that the building was fully assessed. However, there is a question of fact as to whether the building was actually fully assessed as of December 31, 1990, and, consequently, whether the defendant is liable for its proportionate share of the full tax increase over and above the 1990 base or only a part thereof for subsequent tax years.

The plaintiff failed to submit bills to substantiate the rubbish removal charges and its insurance payments. Absent such proof, the amount owed by the defendant cannot be determined.

As to the utility costs, the defendant disputes the amount owed for heat. While the plaintiff contends that this dispute involves only the gas and not the electric charges and therefore that it is entitled to partial summary judgment for the electric charges, it has failed to substantiate this contention with non-hearsay proof. We find no merit to the defendant's contention that the plaintiff represented in paragraph 15 of the lease that the common area charges for the entire building did not exceed

$100 per month and therefore its monthly share was only approximately $10. The defendant's interpretation of paragraph 15 would lead to an absurd result which would not accord with the reasonable expectations of the parties (*see, Reape v New York News,* 122 AD2d 29). The only reasonable interpretation of that paragraph is that the cost clause refers to the tenant's proportionate share, not the total building cost.

Turning to the defendant's counterclaims, the Supreme Court erred in failing to dismiss the first counterclaim, which alleges that the plaintiff failed to provide security for the building and garage as required by the lease. This counterclaim fails to state a cause of action to recover damages for breach of contract inasmuch as there is no provision of the lease requiring the plaintiff to provide any particular security measures.

The fourth counterclaim should also have been dismissed. The defendant alleges that it was damaged because the plaintiff installed an improperly designed heating system, requiring the installation of an additional system, which increased the cost of heat for the common areas. However, since the defendant has failed to pay its proportionate share of the common area charges, it has not sustained any damages. While the propriety of the charges is relevant to the issue of the amount owed by the defendant for its proportionate share of the utility costs, it is not the proper subject of a separate counterclaim for damages.

The second and third counterclaims sufficiently state causes of action to recover damages for breach of certain lease provisions. The existence of those counterclaims, however, does not preclude the award of partial summary judgment to the plaintiff (*see, Stigwood Org. v Devon Co.,* 44 NY2d 922). Miller, J. P., Ritter, Copertino and Altman, JJ., concur.