■ In the Matter of LIPPER HOLDINGS, LLC, Respondent-Appellant, v TRIDENT HOLDINGS, LLC, et al., Appellants-Respondents. [766 NYS2d 561]—

Order, Supreme Court, New York County (Karla Moskowitz, J.), entered April 11, 2003, which, inter alia, approved in part petitioner's plan for distribution of the net cash assets of the investment fund limited partnerships, and held that the general partner must repay certain incentive compensation, that it must allocate negative balances in the limited partners' capital accounts to its own account, and that it should be replaced as the liquidating trustee, unanimously affirmed, without costs.

We agree with Supreme Court's cogent analysis of the limited partnership agreements. Reading the agreements as a whole (*Rentways, Inc. v O'Neill Milk & Cream Co.,* 308 NY 342, 347 [1955]), the reasonable discretion accorded to the general partner to revalue the limited partners' capital accounts at the end of an accounting period is appropriately construed to encompass the correction of erroneous historical values. Restricting the exercise of such discretion to the final accounting period, as urged by those limited partners opposing the distribution plan, would bestow a windfall on certain limited partners and unfairly permit the general partner to retain incentive compensation, based entirely on phantom profits. A contract should not be interpreted to produce a result that is absurd (*see Tougher Heating & Plumbing Co. v State of New York,* 73 AD2d 732 [1979]), commercially unreasonable (*see Elsky v Hearst Corp.,* 232 AD2d 310, 311 [1996]; *Madison Murray Assoc. v Perlbinder,* 215 AD2d 204 [1995], *lv denied* 88 NY2d 810 [1996]) or contrary to the reasonable expectations of the parties (*see 833 N. Corp. v Tashlik & Assoc.,* 256 AD2d 535, 537 [1998]).

We have considered the parties' other contentions for affirmative relief and find them unavailing. Concur—Tom, J.P., Saxe, Rosenberger, Williams and Gonzalez, JJ.