■ REPUBLIC MORTGAGE INSURANCE COMPANY et al., Appellants, v COUNTRYWIDE FINANCIAL CORPORATION et al., Respondents. [928 NYS2d 42]—

Initially, to reach the merits of plaintiffs' appeal, we exercise our discretionary authority, pursuant to CPLR 5520 (c), to deem the inaccurate notice of appeal as valid to correct the procedural problem created here by plaintiffs' appeal from the order and

not the judgment (*Robertson v Greenstein*, 308 AD2d 381 [2003], *lv dismissed* 2 NY3d 759 [2004]).

On the merits, the issue before us is whether Supreme Court correctly construed the arbitration provision found in five mortgage insurance policies that were issued by plaintiff insurers and held by defendant insureds. The policies cover the insureds, who are residential mortgage lenders and their affiliates, against losses caused by their borrowers' loan defaults. Each policy provides that "[u]nless prohibited by applicable law, the insured [under the policy], at its option, may elect to settle by arbitration a controversy, dispute, or other assertion of liability or rights which it initiates arising out of or relating to this [p]olicy, including the breach, interpretation, or construction thereof."

Starting in 2008, a dispute arose when plaintiffs denied the insureds' claims with respect to about 1,600 loan defaults, contending that coverage with respect to those claims had been rescinded pursuant to the policies' terms because of alleged misrepresentations that the insureds made when applying for coverage or the insureds' borrowers made when applying for loans. The specifics of the dispute and its underlying merits are not at issue here.

In December 2009, plaintiffs and the insureds were attempting to negotiate a settlement of their dispute and the insureds had requested that plaintiffs enter into a tolling agreement to facilitate discussions. However, on December 31, plaintiffs filed this action seeking a declaration that their rescissions of coverage were consistent with the terms of the policies.

In January 2010, the insureds filed a demand for arbitration before the American Arbitration Association raising the same issues as those found in the amended complaint, and in February 2010 all defendants moved for an order dismissing the amended complaint and compelling arbitration, or in the alternative staying this action pending the arbitration. Defendants argued that the insureds were exercising their contractual right to elect to arbitrate disputes arising from the policies.

In their opposition and cross motion for an order staying arbitration, plaintiffs did not dispute that the parties had made a valid agreement to arbitrate and that the issues that the insureds had raised in the arbitration demand fell within the scope of that agreement. Rather, plaintiffs contended that the arbitration provision "permits the insured to arbitrate disputes which it initiates and *does not permit the insured to require arbitration* of any dispute initiated by [plaintiffs]," and "[s]ince [plaintiffs] initiated all the disputes asserted in its [c]omplaint, they are not arbitrable."

In granting defendants' motion and denying the cross motion, Supreme Court correctly reasoned that the insureds' "right to initiate arbitration is not dependent on which party filed suit first." The court rejected the idea that the arbitration provision conditioned the right to require arbitration upon the insured filing a demand before plaintiffs commenced a court action.

That interpretation reflects the intent of the parties, since the clear purpose of the provision is to give the insured the option of arbitrating disputes. The provision does not mention any right of the insurer and does not condition the insured's right to arbitration on anything other than making a demand.

Plaintiffs urge this Court to construe the phrase "which [the insured] initiates" as modifying the phrase "controversy, dispute, or other assertion of liability or rights," and to hold that plaintiffs "initiated" the "dispute" by filing this lawsuit. However, that interpretation frustrates the purpose of giving the insureds the option to arbitrate. It also confuses a "dispute" with a "dispute resolution proceeding," although a proceeding to resolve a dispute under a contract simply is not the same thing as the dispute itself. Moreover, in this context, one party cannot be said to initiate a dispute. Instead, the dispute arises among the parties.

If one were to construe the arbitration provision to mean that plaintiffs did not have to arbitrate "disputes" that they "initiated," then the real issue before a court enforcing the provision would not be which party filed a lawsuit or arbitration demand first, but rather which "initiated" the underlying "controversy, dispute, or other assertion of liability or rights" under the policy. That question is essentially meaningless and impossible to answer (see *Matter of Lipper Holdings v Trident Holdings*, 1 AD3d 170, 171 [2003] [a contract interpretation should not lead to a result that is absurd or "contrary to the reasonable expectations of the parties"]).

Moreover, plaintiffs' interpretation is commercially unreasonable because it countenances procedural gamesmanship. The parties to the policies could not have intended that the insurers could thwart the insureds' right to arbitrate by winning a race to the courthouse to file a declaratory judgment action before the insureds could file a demand for arbitration.

Thus, for the reasons stated, the parties did not intend the phrase "which [the insured] initiates" to modify "controversy, dispute, or other assertion of liability or rights," because the only logical way to construe the provision is to read the phrase as modifying the word "arbitration." Although the phrase seems misplaced in the sentence in which it appears, clearly the par-

460

ties' reason for including it was to specify that an insured must exercise its option to arbitrate by initiating the proceeding. Contrary to plaintiffs' view that our interpretation gives no effect to the phrase "which [the insured] initiates," it makes the insureds' right to require arbitration conditioned on their demanding it. Concur—Tom, J.P., Mazzarelli, Acosta, Renwick and Freedman, JJ. **[Prior Case History: 28 Misc 3d 1214(A), 2010 NY Slip Op 51323(U).]**