MATTHEW J. WADIAK, Respondent, v POND MANAGEMENT, LLC, et al., Appellants. [955 NYS2d 51]—

We reject defendants' argument, that the IAS Court improvidently exercised its discretion by refusing, at oral argument, to convert that branch of their motion to dismiss plaintiff's defamation claim to a motion for summary judgment. We also decline to exercise our own discretion to so convert the motion since the record does not establish that the parties "deliberately chart[ed] a summary judgment course" (*Elsky v Hearst Corp.*, 232 AD2d 310, 310 [1st Dept 1996] [internal quotation marks omitted]; *see Nonnon v City of New York*, 9 NY3d 825, 826 [2007]; *Four Seasons Hotels v Vinnik*, 127 AD2d 310, 320 [1st Dept 1987]). Plaintiff's counsel's objection at oral argument to converting defendants' motion is a significant indication that the parties were not charting such a course (*see Four Seasons*, 127 AD2d at 321).

Giving the complaint the benefit of every favorable inference, we find that the complaint states a cause of action for tortious interference with prospective contractual relations (*see e.g. Posner v Lewis*, 18 NY3d 566, 570 n 2 [2012]).

In light of the above, defendants' argument that the cause of action for intentional infliction of emotional distress should be dismissed if the defamation and tortious interference claims are dismissed fails. Concur—Andrias, J.P., Friedman, DeGrasse, Manzanet-Daniels and Gische, JJ.