■ TSL (USA) Inc. et al., Appellants, v OppenheimerFunds, Inc., et al., Respondents. [977 NYS2d 638]—

The motion court properly dismissed, without prejudice, the breach of contract claims as premature. Plaintiff's alleged damages—the difference between the unpaid balance of the post-amortization event loans and the present value of the securities that AAArdvark purchased with those loans, which do not mature until 2018—are too speculative to determine at this juncture (*see Kenford Co. v County of Erie*, 67 NY2d 257 [1986]; *Lloyd v Town of Wheatfield*, 67 NY2d 809 [1986]; *Fruition, Inc. v Rhoda Lee, Inc.*, 1 AD3d 124 [1st Dept 2003]).

The motion court also properly dismissed the fraud claim as duplicative of the breach of contract claim. The fraud claim essentially alleges that Oppenheimer and Harbourview failed to carry out their contractual duties of apprising plaintiffs of an

amortization event (*see Sebastian Holdings, Inc. v Deutsche Bank AG.*, 78 AD3d 446, 447 [1st Dept 2010]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Sweeny, J.P., Acosta, Saxe, Moskowitz and Clark, JJ. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇