■ MARIA ARMENDARIZ et al., Appellants-Respondents, v EN-RIQUETA LUNA et al., Respondents-Appellants. [995 NYS2d 571]—

Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered June 19, 2014, which, in this action alleging breach of a stipulation of settlement (settlement agreement) entered into in an underlying federal action, denied plaintiffs' motion for a preliminary injunction seeking to enjoin defendants from obtaining further payments under the settlement agreement and from filing an affidavit and confession of judgment signed by one of the plaintiffs, granted defendants' cross motion seeking to dismiss the complaint pursuant to CPLR 3211 (a) as against defendant MFY Legal Services, Inc. (MFY) only, unanimously modified, on the law, to grant defendants' cross motion in its entirety, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in defendants' favor dismissing the complaint.

The motion court properly concluded that plaintiffs failed to establish a likelihood of success on their breach of contract claim. To the extent plaintiffs allege that defendants Enriqueta Luna and Inelia Gabriela Ortega breached the settlement agreement by failing to cause independent news organizations to remove their online articles discussing the allegations of racial discrimination and sexual harassment made against plaintiffs in the underlying federal action, such interpretation of the agreement leads to an absurd result and is contrary to the reasonable expectations of the parties (*see Matter of Lipper Holdings v Trident Holdings*, 1 AD3d 170 [1st Dept 2003]).

With respect to MFY, a non-profit legal services organization that represented the individual defendants in the federal action, the language of the agreement requires it "to remove all refer-

ences to any named defendant [plaintiffs herein] on its website, and to . . . explore in good faith whether/how it might redact any and all defendants' names from such Complaint." We agree with the motion court that this unambiguous language does not require MFY to remove the names from the complaint but only to explore in good faith "whether" to do so. The record establishes that in compliance with the agreement, MFY deleted from its website references to plaintiffs' names as well as a previously issued press release about the federal action but retained a link to the complaint. It further establishes that MFY's executive and deputy directors, as well as the attorneys working on the federal action, met to discuss the issue of whether to redact the names from the complaint but determined that doing so would conflict with MFY's policy. Accordingly, MFY demonstrated that it explored this issue in good faith. Plaintiffs fail to allege any facts showing that MFY's exercise of discretion in determining not to redact the complaint was done arbitrarily or irrationally (*see Dalton v Educational Testing Serv.*, 87 NY2d 384, 389 [1995]). Thus, the court properly dismissed the action against MFY.

Plaintiffs also fail to allege any facts demonstrating that Luna or Ortega posted disparaging statements about plaintiffs or failed to remove such postings, in breach of the agreement. Thus, the action against them must also be dismissed. The allegations against defendant Cuti Hecker Wang LLP, a law firm that also represented defendants in the federal action, are based on the breach of contract cause of action, and therefore the action against it must be dismissed.

We have reviewed the parties' remaining contentions and find them unavailing. Concur—Tom, J.P., Sweeny, Moskowitz and Gische, JJ.