Matter of Provident Loan Socy. of N.Y. v 190 E. 72nd Corp. (2019 NY Slip Op 04871)





Matter of Provident Loan Socy. of N.Y. v 190 E. 72nd Corp.


2019 NY Slip Op 04871


Decided on June 18, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 18, 2019

Sweeny, J.P., Manzanet-Daniels, Kapnick, Oing, Singh, JJ.


654723/17 9636 9635

[*1]In re The Provident Loan Society of New York, Petitioner-Respondent,
v
190 East 72nd Corporation, Respondent-Appellant.


Stroock & Stroock & Lavan LLP, New York (Kevin L. Smith of counsel), for appellant.
Greenberg Traurig, LLP, New York (James W. Perkins of counsel), for respondent.



Order and judgment (one paper), Supreme Court, New York County (Barbara Jaffe, J.), entered October 17, 2018, in favor of petitioner against respondent, confirming an appraisal determination of the value of land pursuant to the parties' lease at $14,583,000 and fixing the per annum rent at $1,215,250 for the 10-year period beginning May 1, 2017, unanimously affirmed, with costs. Appeal from order and judgment (one paper), same court and Justice, entered on or about July 23, 2018, which granted the petition to confirm the appraisal determination and denied respondent's motion to dismiss the petition, unanimously dismissed, without costs, as subsumed in the appeal from the October 17, 2018 order and judgment.
In this special proceeding commenced pursuant to CPLR 7601, the court correctly determined that the parties' lease did not require that the determination of the two party-appointed appraisers and the third "independent disinterested" appraiser be unanimous. The appraisers' determination of the value of the land was final and binding, regardless of whether one of the party-appointed appraisers signed the determination under dissent. A contrary reading of the lease would produce a result that is "absurd, commercially unreasonable, or contrary to the reasonable expectations of the parties" (Matter of Lipper Holdings v Trident Holdings, 1 AD3d 170, 171 [1st Dept 2003] [internal citations omitted]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 18, 2019
CLERK