*Spanski Enterprises, Inc. v. Telewizja Polska S.A.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of October, two thousand twenty.

Present:
> ROBERT D. SACK,
> ROBERT A. KATZMANN,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

---

SPANSKI ENTERPRISES, INC.,

> *Plaintiff-Counter-Defendant-Appellant*,

v.                                                                 19-4066

TELEWIZJA POLSKA S.A.,

> *Defendant-Counter-Claimant-Appellee*.

---

For Plaintiff-Counter-Defendant-Appellant: JOHN PISKORA, Loeb & Loeb LLP, New York, NY.

For Defendant-Counter-Claimant-Appellee: JOHN VUKELJ (Stanley McDermott III, John O. Wray, *on the brief*), DLA Piper LLP, New York, NY

Appeal from an order of the United States District Court for the Southern District of New York (Gardephe, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Plaintiff-counter-defendant-appellant Spanski Enterprises, Inc. ("SEI") appeals from a December 2, 2019 order of the United States District Court for the Southern District of New York (Gardephe, *J.*) denying its motion for a preliminary injunction. SEI, a Canadian corporation, entered into an exclusive distribution agreement (the "Agreement") on December 14, 1994 with defendant-counter-claimant-appellee Telewizja Polska S.A. ("TVP"), Poland's national television broadcasting company, to distribute one of TVP's channels, TV Polonia, in North and South America. The Agreement had an initial term of 25 years, which expired on December 13, 2019. A year before the initial term expired, SEI sought to extend the Agreement, but TVP opposed an extension. SEI filed the instant lawsuit seeking a declaration that it has a right under the Agreement to unilaterally extend the term of the Agreement for an additional 10-year period. Before the district court, SEI moved for a preliminary injunction barring TVP from interfering or competing with SEI's exclusive distribution of TV Polonia programming in North and South America. The district court denied SEI's motion on the grounds that it had failed to show that its interpretation of the Agreement was either likely to be successful or raised sufficiently serious questions going to the merits to warrant issuance of a preliminary injunction. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review a district court's decision to grant or deny a preliminary injunction for abuse of discretion. An abuse of discretion occurs if the district court (1) based its ruling on an

2

erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions." *Oneida Nation of N.Y. v. Cuomo*, 645 F.3d 154, 164 (2d Cir. 2011).[1] "Under abuse of discretion review, the factual findings and legal conclusions underlying the district court's decision are evaluated under the clearly erroneous and de novo standards, respectively." *Id*. A district court's interpretation of the terms of a contract is a question of law reviewed de novo. *See Cap. Ventures Int'l v. Republic of Argentina*, 552 F.3d 289, 296 (2d Cir. 2009).

"In order to justify a preliminary injunction, a movant must demonstrate (1) irreparable harm absent injunctive relief; (2) either a likelihood of success on the merits, or a serious question going to the merits to make them a fair ground for trial, with a balance of hardships tipping decidedly in the plaintiff's favor; and (3) that the public's interest weighs in favor of granting an injunction." *Metro. Taxicab Bd. of Trade v. City of N.Y.*, 615 F.3d 152, 156 (2d Cir. 2010). "The 'serious questions' standard permits a district court to grant a preliminary injunction . . . where it cannot determine with certainty that the moving party is more likely than not to prevail on the merits of the underlying claims, but where the costs outweigh the benefits of not granting the injunction." *Citigroup Glob. Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010).

We agree with the district court that SEI failed to establish a likelihood of success on the merits or serious questions going to the merits justifying issuance of a preliminary injunction. The merits of SEI's position turn on the proper interpretation of Section 10 of the Agreement, which provides for its extension or termination as follows:

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

1. The term of this Agreement is 25 (twenty-five) years and it comes into effect on the date of its signing. TVP and SEI may extend its term by subsequent 10 year periods.

2. Each party may terminate this Agreement if the other party commits a significant violation of its provisions . . . .

Joint App'x 138.[2] SEI contends that the second sentence in Section 10.1 – "TVP and SEI may extend its term by subsequent 10-year periods" – uses "and" in the disjunctive, or enumerative, sense to establish either TVP's *or* SEI's right to extend the Agreement's term independent of the wishes of the other party.[3] TVP argues that Section 10.1 uses "and" in the conjunctive sense, requiring the parties to mutually agree to any extension of the Agreement.

The Agreement, as amended, is governed by New York law. Under New York law, "[t]o determine the terms of a contract a court must ascertain the parties' intent based on the language they used." *Consarc Corp. v. Marine Midland Bank, N.A.*, 996 F.2d 568, 573 (2d Cir. 1993). In so doing, the Court must first determine whether the contract is ambiguous. *See Golden Pacific Bancorp v. F.D.I.C.*, 273 F.3d 509, 514 (2d Cir. 2001). Ambiguity does not arise from "[s]training a contract's language beyond its reasonable and ordinary meaning . . . ." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 149 (2d Cir. 1993). A contract "must be read as a whole, and if possible, courts must interpret them to effect the general purpose of the contract." *Postlewaite v. McGraw-Hill, Inc.*, 411 F.3d 63, 67 (2d Cir. 2005).

---

[2] The Agreement was originally drafted in Polish; the language above comes from a certified English translation that SEI submitted to the district court. TVP does not challenge the translation.

[3] SEI also argues that "i," the Polish word translated as "and" in the certified English translation provided by SEI, may also be understood in either the conjunctive or enumerative sense, but must be understood in the enumerative sense here.

4

Courts applying New York law to contracts using the word "and" look to the context in which the word is used to determine whether it should be read in the conjunctive or disjunctive sense. *See Sasson v. TLG Acquisition LLC*, 9 N.Y.S.3d 2, 4 (App. Div. 2015) (finding "no ambiguity" in a contract's use of the word "and" in context); *Lamborn v. Nat'l Park Bank of N. Y.*, 208 N.Y.S. 428, 435 (App. Div. 1925), *aff'd*, 240 N.Y. 520 (1925) ("'And' is considered also as 'or,' *unless* the document shows on its face that the word 'and' is to be liberally construed.") (emphasis added); *see also* 22 N.Y. Jur. 2d Contracts § 240 ("[I]t may be found that 'and' includes 'or' or that 'or' includes 'and,' as a reasonable construction requires.").

We agree with the district court that the use of the word "and" in the context of Section 10.1 is unambiguous and that it has its usual conjunctive meaning. As the district court noted, reading the Agreement as a whole suggests that, when the parties sought to provide for unilateral rights, they used the term "each party" to distinguish from the conjunctive "TVP and SEI." The first sentence of Section 10.2, which immediately follows Section 10.1's extension provision, reads: "*Each* party may terminate this Agreement if the other party commits a significant violation of its provisions." Joint App'x 138 (emphasis added). This language clearly creates a unilateral right to terminate the Agreement, and stands in contrast to the use of the phrase "TVP and SEI" in the previous sentence, which SEI contends also creates a unilateral right. This difference in phrasing supports the interpretation that Section 10.1 requires the parties to mutually agree to extend the Agreement.

Moreover, interpreting the word "and" in Section 10.1 to include "or" would permit either party to unilaterally renew the contract for 10-year periods indefinitely, in effect creating a perpetual unilateral extension right. Even if we found Section 10.1's use of the word "and" ambiguous, we would not interpret it to create such a right "[i]n the absence of a clear provision"

because, "under New York law, contracts which are vague as to their duration generally will not be construed to provide for perpetual performance." *Chapman v. N.Y. State Div. for Youth*, 546 F.3d 230, 237 (2d Cir. 2008). More generally, as the district court held, interpreting the contract to allow either party to bind the other indefinitely would be unreasonable. *See In re Lipper Holdings, LLC*, 766 N.Y.S.2d 561, 562 (App. Div. 2003) ("A contract should not be interpreted to produce a result that is absurd, commercially unreasonable, or contrary to the reasonable expectations of the parties.").[4] The parties' agreement to specific terms of years – an initial term of 25 years and possible extensions in 10-year increments – strongly suggests that they did not intend for either of them to be able to bind the other in perpetuity.

SEI argues that interpreting Section 10.1 to require mutual agreement renders its extension clause superfluous because the parties would be free to enter into a new mutual agreement even without specifying their ability to do so in the Agreement. *See Galli v. Metz*, 973 F.2d 145, 149 (2d Cir. 1992) ("Under New York law an interpretation of a contract that has the effect of rendering at least one clause superfluous or meaningless is not preferred and will be avoided if possible."). But the mutual agreement interpretation suggested by TVP renders the extension provision neither meaningless nor superfluous; under this interpretation, the clause (1)

---

[4] SEI argues that we have previously approved of indefinite licensure terms as not "absurd," citing our decision in *Nicholas Laboratories Ltd. v. Almay, Inc.*, 900 F.2d 19 (2d Cir. 1990). But *Nicholas Laboratories* is inapposite inasmuch as it concerned a contract with an automatic renewal provision limiting termination to specific enumerated grounds. *See id*. at 20–21 (discussing automatic renewal provision stating that the contract "shall continue" for "successive periods of five" years unless one of the enumerated circumstances occurred). There is no such automatic renewal provision here. SEI also argues that an indefinite term contract would not be absurd in this particular instance because of the parties' past behavior and contract negotiations. But, even if we could consider parol evidence, the evidence cited by SEI is not persuasive – neither the fact that TVP previously entered into a contract with another distributor for an "indefinite" term nor the fact that the parties considered making the term of this contract indefinite implies that TVP intended to enter into a contract with SEI in perpetuity.

specifies that any extension beyond the initial period is not automatic and must be mutually agreed upon, and (2) sets a standard extension term of 10 years.

Finally, SEI argues that the district court erred in failing to consider and misconstruing extrinsic evidence of the parties' contractual intent. However, the district court, while making clear that its resolution of the motion was "not premised on parol evidence," noted that the extrinsic evidence submitted "d[id] not suggest that the Agreement was intended to grant either side the unilateral right to perpetually extend the Agreement in ten-year increments." Special App'x 13. We identify no error in this conclusion, nor in the district court's decision not to premise its ruling on parol evidence given that the provision at issue in the contract was not ambiguous. Moreover, the Agreement contained an integration clause, which ordinarily acts to exclude consideration of extrinsic evidence. *See Primex Int'l Corp. v. Wal-Mart Stores, Inc.*, 89 N.Y.2d 594, 599–600 (N.Y. 1997) (An integration clause indicates "the parties' intent that the [a]greement is to be considered a completely integrated writing" and "[a] completely integrated contract precludes extrinsic proof to add to or vary its terms.").

Accordingly, we conclude that the district court did not abuse its discretion in denying SEI's motion for a preliminary injunction. We have considered all of SEI's remaining contentions on appeal and have found in them no grounds for reversal.[5] For the foregoing reasons, the order of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[5] We also reject TVP's invitation to take the unusual step of remanding to the district court with instructions to direct the entry of final judgment in TVP's favor, despite the facts that TVP never moved to dismiss the complaint below and that TVP's motion for summary judgment below was stricken for failure to comply with the district court's requirements.