Giray v Ulukaya (2021 NY Slip Op 01355)





Giray v Ulukaya


2021 NY Slip Op 01355


Decided on March 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 09, 2021

Before: Gische, J.P., Singh, Moulton, González, JJ. 


Index No. 652438/19 Appeal No. 13284 Case No. 2020-02648 

[*1]Ayse Giray, Plaintiff-Appellant,
v
Hamdi Ulukaya, Defendant-Respondent.


Rosenberg Feldman Smith, LLP, Tarrytown (Richard B. Feldman of counsel), for appellant.
Gibson, Dunn & Crutcher LLP, New York (Brian C. Ascher of counsel), for respondent.



Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered October 16, 2019, which, insofar as appealed from as limited by the briefs, granted defendant's motion to dismiss the first cause of action without prejudice, unanimously affirmed, with costs.
The documentary evidence submitted by defendant established that FHU Holdco II, LLC (Holdco II) was not a Ulukaya Entity as defined in the parties' settlement agreement. It did not hold defendant's equity interest in FHU US Holdings, LLC (US Holdings), as required by the agreement. Rather, it held warrants that it had purchased from entities unrelated to defendant, which warrants were turned into preferred units of US Holdings.
In reply, plaintiff contends that Holdco II held defendant's interest in US Holdings because it was indirectly wholly owned by him. However, accepting that argument to deem Holdco II a Ulukaya Entity would lead to the absurd result that defendant would pay plaintiff a certain percentage of the amount that the buyer of the preferred units paid to Holdco II, even though Holdco II transferred all of that money to the warrantholders (see Matter of Lipper Holdings v Trident Holdings, 1 AD3d 170, 171 [1st Dept 2003] ["A contract should not be interpreted to produce a result that is absurd, commercially unreasonable or contrary to the reasonable expectations of the parties" (internal citations omitted); rejecting interpretation that "would . . . unfairly permit the general partner to retain incentive compensation, based entirely on phantom profits" ]).
Plaintiff's references to the parties' differing interpretations of the settlement agreement are unavailing because "provisions are not ambiguous merely because the parties interpret them differently" (Universal Am. Corp. v National Union Fire Ins. Co. of Pittsburgh, Pa., 25 NY3d 675, 680 [2015] [internal quotation marks omitted]). Indeed, plaintiff does not even claim the agreement is ambiguous.
Furthermore, plaintiff's arguments about the various ways in which defendant benefited from the transaction do not warrant reversal. The order appealed from allowed plaintiff to amend her complaint, which she has done, and the amended complaint alleges those benefits.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 9, 2021