Magliocco v MKB Family, LLC (2021 NY Slip Op 06548)





Magliocco v MKB Family, LLC


2021 NY Slip Op 06548


Decided on November 23, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 23, 2021

Before: Kern, J.P., Gesmer, González, Shulman, Higgitt, JJ. 


Index No. 650227/19 Appeal No. 14691 Case No. 2021-00029 

[*1]Joseph J. Magliocco et al., Plaintiffs-Appellants,
v
MKB Family, LLC, et al., Defendants-Respondents.


Quinn McCabe LLP, New York (Simon Block of counsel), for appellants.
Ingram Yuzek Gainen Carroll & Bertolotti, LLP, New York (Maurizio Anglani of counsel), for respondents.



Order, Supreme Court, New York County (Gerald Lebovits, J.) entered July 29, 2020, which, to the extent appealed from as limited by the briefs, granted defendants' motion to dismiss insofar as it sought to dismiss the claims for trespass, and granted in part and denied in part defendants' motion insofar as it sought to dismiss the causes of action for private nuisance and breach of contract, unanimously modified, on the law, to deny defendants' motion to dismiss the cause of action for breach of contract insofar as plaintiffs alleged that defendants failed to remove the encroachments over and on plaintiffs' premises, and otherwise affirmed, without costs.
The causes of action for trespass and private nuisance were properly dismissed. The parties executed an agreement providing that defendants would pay the sum of $55,508.85 to satisfy "all past damages" that were caused by the renovation of defendants' townhouse. Therefore, since all prior damages were settled, defendants were released from claims of trespass and nuisance with respect to preagreement conduct (see Matter of Lipper Holdings v Trident Holdings, 1 AD3d 170, 171 [1st Dept 2003]). As to any postagreement conduct, plaintiffs do not argue on appeal that they are entitled to maintain the nuisance cause of action on the basis of postagreement conduct. With regard to the trespass cause of action, defendants' alleged postagreement conduct is based on a breach of the same duty that forms the basis of the breach of contract cause of action, and therefore is duplicative of the breach of contract cause of action (see Eden Roc, LLLP v Marriott Intl., Inc., 116 AD3d 486, 487 [1st Dept 2014]).
Plaintiffs sufficiently allege that there was a binding contract requiring defendants to remove the temporary protection system erected in the rear yard of the plaintiffs' premises and cantilevered over the premises and that defendants failed to do so (see e.g. Markov v Katt, 176 AD3d 401, 401-402 [1st Dept 2019]). The monthly license fee that the parties agreed to was based upon structures and property protections erected on defendants' premises, and did not cover protections erected in or cantilevered over plaintiffs' premises. Furthermore, plaintiffs are not obliged to show that they had actually sustained damages in order to maintain their claim; it is sufficient that the complaint contains allegations from which damages attributable to defendants' breach might be reasonably inferred (see CAE Indus. v KPMG Peat Marwick, 193 AD2d 470, 472-473 [1st Dept 1993]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 23, 2021