Giray v Ulukaya (2023 NY Slip Op 00058)

Giray v Ulukaya

2023 NY Slip Op 00058

Decided on January 10, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 10, 2023

Before: Acosta, P.J., Webber, Moulton, Shulman, Higgitt, JJ. 

Index No. 652438/19 Appeal No. 17054 Case No. 2022-00966 

[*1]Ayse Giray, Plaintiff-Appellant,
v
Hamdi Ulukaya, Defendant-Respondent.

Rosenberg Feldman Smith LLP, Tarrytown (Richard B. Feldman of counsel), for appellant.
Gibson, Dunn & Crutcher, LLP, New York (Brian Ascher of counsel), for respondent.

Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered October 7, 2021, which granted defendant's motion to dismiss the second amended complaint pursuant to CPLR 3211(a)(1) and (7), unanimously affirmed, with costs.
In a prior appeal in this action, in which we affirmed the dismissal of plaintiff's first cause of action without prejudice, we noted that "plaintiff's arguments about the various ways in which defendant benefitted from the transaction [at issue] do not warrant reversal. The order appealed from allowed plaintiff to amend her complaint, which she has done, and the amended complaint alleges those benefits" (Giray v Ulukaya, 192 AD3d 453, 454 [1st Dept 2021]). In her second amended complaint, filed after our decision on the prior appeal, plaintiff alleges five categories of benefits that defendant purportedly received from the transaction. However, defendant's documentary evidence utterly refutes those allegations, and therefore his motion to dismiss the second amended complaint was properly granted (see generally e.g. Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]; Leon v Martinez, 84 NY2d 83, 87-88 [1994]; VXI Lux Holdco S.A.R.L. v SIC Holdings, LLC, 171 AD3d 189, 193 [2019]; see also Basis Yield Alpha Fund [Master] v Goldman Sachs Group, Inc., 115 AD3d 128, 134-135 [1st Dept 2014]).
First, plaintiff alleges that, as a result of the transaction, defendant increased his equity interests in FHU US Holdings, LLC from 65% of the outstanding shares to 80%. Under a plain reading of the parties' settlement agreement, however, an increase in defendant's equity interests cannot be "proceeds from . . . a Sale event" or "a distribution" within the meaning thereof (see generally e.g. Teichman v Community Hosp. of W. Suffolk, 87 NY2d 514, 520 [1996], cited by White v Continental Cas. Co., 9 NY3d 264, 267 [2007]).
Second, plaintiff alleges that defendant's legal and financial advisory fees for the transaction were covered by FHU US Holdings, LLC, and are therefore a "distribution." However, that interpretation of the word "distribution" would lead to "a result that is absurd, commercially unreasonable or contrary to the reasonable expectations of the parties" (Matter of Lipper Holdings v Trident Holdings, 1 AD3d 170, 171 [1st Dept 2003]) insofar as defendant would pay plaintiff a certain percentage of the amount that FHU US Holdings, LLC reimbursed defendant, as opposed to distributed to him. "We must read the whole instrument, and, when we find the parties using a certain word or expression in different parts of it, it is reasonable to suppose that it was always used in the same sense, unless a different meaning was plainly intended" (Robertson v Ongley Elec. Co., 146 NY 20, 24 [1895]). Thus, "[a]lthough the words might 'seem to admit of a larger sense, yet they should be restrained to the particular occasion and to the particular object which the parties had in view'" (Hooper Assoc. v AGS Computers, 74 NY2d 487, [*2]491 [1989], quoting Robertson, 146 NY at 23; see Fresh Del Monte Produce N.V. v Eastbrook Caribe A.V.V., 40 AD3d 415, 417 [1st Dept 2007]). Here, the other instances of the word distribution in the parties' settlement agreement clearly evince that the parties' understanding that the word referred to a corporate distribution (see Black's Law Dictionary [11th ed 2019], distribution), rather than any and all sums that FHU US Holdings, LLC might pay to defendant for any reason whatsoever. "[C]ourts may not by construction add or excise terms, nor distort the meaning of those used and thereby make a new contract for the parties under the guise of interpreting the writing" (Reiss v Financial Performance Corp., 97 NY2d 195, 199 [2001] [internal quotation marks omitted]).
Finally, plaintiff alleges that defendant received options to purchase, at some future point, some or all of the shares involved in the transaction at issue, as well as the right to receive unspecified additional distributions and loans at his election. Those options and rights, however, do not constitute "consideration . . . actually received" within the meaning of the parties' settlement agreement unless defendant exercises those options or rights and receives consideration either "directly as proceeds from, and upon consummation of, a Sale event" or "as a distribution." Until defendant does so,
these claims are premature (cf. TSL [USA] Inc. v OppenheimerFunds, Inc., 113 AD3d 410, 410 [1st Dept 2014]).
We have considered plaintiff's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 10, 2023