RCM/CMG Portfolio Holding, LLC v Giordano (2023 NY Slip Op 01265)

RCM/CMG Portfolio Holding, LLC v Giordano

2023 NY Slip Op 01265

Decided on March 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 14, 2023

Before: Kapnick, J.P., Kern, Gesmer, Singh, Moulton, JJ. 

Index No. 653481/14 Appeal No. 17514 Case No. 2021-03254 

[*1]RCM/CMG Portfolio Holding, LLC, Plaintiff-Respondent,
v
James Giordano, Defendant-Appellant, Cambridge Management Group, LLC, et al., Defendants. (And a Third-Party Action.)

Borah, Goldstein, Altschuler, Nahins & Goidel, P.C., New York (Brian D. Graifman of counsel), for appellant.
Oved & Oved LLP, New York (James T. Reilly of counsel), for respondent.

Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered July 22, 2021, which, insofar as appealed from as limited by the briefs, denied defendant James Giordano's motion to dismiss and for summary judgment dismissing plaintiff's fraud claim against him, unanimously affirmed, without costs.
In view of the parties' extensive evidentiary submissions, we treat this motion as solely for summary judgment (see CPLR 3211[c]; Meredith v Siben & Siben, LLP, 130 AD3d 791, 791 [2d Dept 2015], lv denied 26 NY3d 910 [2015]; Elsky v Hearst Corp., 232 AD2d 310, 310 [1st Dept 1996]). Even if the motion to dismiss were separately analyzed, the affidavits submitted in opposition to it would be properly considered "to remedy any defects in the complaint" (Leon v Martinez, 84 NY2d 83, 88 [1994]).
We find that issues of fact exist as to whether defendant James Giordano made any actionable misrepresentations. Specifically, plaintiff's principals testified at their depositions (and reiterated in affidavits) that Giordano falsely represented to them that uncollectable receivables had recently been written off in accordance with company policy, that the subject receivables would perform well, and that certain receivables were valued at a certain (allegedly inflated) amount. At least some of these represent false statements of present facts and not just "mere puffery, opinions of value or future expectations" (see generally Sidamonidze v Kay, 304 AD2d 415 [1st Dept 2003]; First Bank of the Ams. v Motor Car Funding, Inc., 257 AD2d 287, 292 [1st Dept 1999]).
To the extent, however, that plaintiff relies on its principals' assertions in their affidavits that Giordano misrepresented to them that all of the receivables to be purchased were "viable and collectable," this reliance is misplaced. They did not reference such a statement at their depositions, despite specific questioning, and "[a]ffidavit testimony that is obviously prepared in support of ongoing litigation that directly contradicts deposition testimony previously given by the same witness, without any explanation accounting for the disparity, creates only a feigned issue of fact, and is insufficient to defeat a properly supported motion for summary judgment" (see Telfeyan v City of NY, 40 AD3d 372, 373 [1st Dept 2007] [internal quotation marks omitted]).
Issues of fact also exist with respect to the element of justifiable reliance. The contractual merger clauses at Sections 2.16 and 9.03 of the Asset Purchase Agreement were too general to preclude reliance (see Basis Yield Alpha Fund (Master) v Goldman Sachs Group, Inc., 115 AD3d 128, 137-138 [1st Dept 2014]). Moreover, there is conflicting evidence in the record regarding whether plaintiff, a sophisticated investor, took "reasonable steps to protect itself against deception," including through its conduct of due diligence and securing of written representations and warranties (see DDJ Mgt., LLC v Rhone Group L.L.C., 15 NY3d 147, 154-155 [2010]). [*2]For example, issues of fact exist as to whether plaintiff should have asked for case servicing notes or attributed any significance to the "Outstanding-Ineligible" designation given to certain receivables, as well as to whether plaintiff's due diligence efforts were undermined by defendants' own conduct in labeling cases as "open" that were no longer collectable, limiting plaintiff's access to information, and/or failing to disclose a prior arbitration.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 14, 2023