GCA Advisors, LLC v Intersections, Inc. (2024 NY Slip Op 04359)

GCA Advisors, LLC v Intersections, Inc.

2024 NY Slip Op 04359

Decided on September 05, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 05, 2024

Before: Webber, J.P., Moulton, Kennedy, Rodriguez, JJ. 

Index No. 656893/19 Appeal No. 2003-2004 Case No. 2023-03449, 2023-04530 

[*1]GCA Advisors, LLC, Plaintiff-Respondent,
v
Intersections, Inc., Defendant-Appellant.

Wilmer Cutler Pickering Hale and Dorr LLP, New York (Ericka Aiken of the bar of the District of Columbia and State of Maryland, admitted pro hac vice, of counsel), for appellant.
The Liddle Law Firm PLLC, New York (Jeffrey L. Liddle and Edger M. Rivera of counsel), for respondent.

Judgment, Supreme Court, New York County (Andrea Masley, J.), entered August 10, 2023, in favor of plaintiff in the total amount of $1,929,405.31, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered June 16, 2023, which denied defendant's motion for summary judgment and granted plaintiff's motion for summary judgment, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Contrary to defendant's contention, the agreement's tail provision did not require plaintiff to perform any services with respect to the ultimately completed transaction in order to be entitled to a transaction fee. Unambiguous terms of an agreement between sophisticated parties must be enforced pursuant to their plain meaning (see Condor Capital Corp. v CALS Inv., LLC, 179 AD3d 592, 592 [1st Dept 2020], citing Ellington v EMI Music, Inc., 24 NY3d 239, 245 [2014]; see also George Backer Mgt. Corp. v Acme Quilting Co., 46 NY2d 211, 217-218 [1978]; Murray Hill Mews Owners Corp. v Rio Rest. Assoc. L.P., 92 AD3d 453, 454 [1st Dept 2012]).
Tail provisions in investment banking contracts are common and are generally enforceable (see e.g. Moelis & Co. LLC v Ocwen Fin. Corp., 203 AD3d 469, 471-472 [1st Dept 2022]; StormHarbour Sec. LP v IIG Trade Opportunities Fund N.V., 145 AD3d 497 [1st Dept 2016]). The broker cases cited by defendant are inapposite, as they turn on whether the broker was the "procuring cause" of the transaction, which is not a requirement under the tail provision here (see e.g. Saunders Ventures, Inc. v Catcove Group, Inc., 151 AD3d 991, 994 [2d Dept 2017]). As is the decision in Peter J. Solomon Co., L.P. v Oneida Ltd. (2010 WL 234827, *3, 2010 US Dist LEXIS 6500, *8 [SD NY Jan. 22, 2010, No. 09 Civ. 2229 (DC)]), upon which defendant relies, since there the plaintiff attempted to collect a second fee under a distinguishable tail provision after an initial fee had already been paid for the contemplated, completed restructuring transaction.
It is not commercially unreasonable to enforce the agreement, including the tail provision, by the plain terms of the governing language (see ERC 16W Ltd. Partnership v Xanadu Mezz Holdings LLC, 95 AD3d 498, 502-504 [1st Dept 2012]; see also Condor Capital Corp., 179 AD3d 592 ["enforcing the definition as written does not 'produce a
result that is absurd, commercially unreasonable or contrary to the reasonable expectations of the parties'"], quoting Matter of Lipper Holdings v Trident Holdings, 1 AD3d 170, 171 [1st Dept 2003]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 5, 2024