Tuckahoe Realty LLC v 241 E. 76 Tenants Corp. (2024 NY Slip Op 04937)

Tuckahoe Realty LLC v 241 E. 76 Tenants Corp.

2024 NY Slip Op 04937

Decided on October 08, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 08, 2024

Before: Webber, J.P., Moulton, Scarpulla, Rodriguez, Pitt-Burke, JJ. 

Index No. 656414/19 Appeal No. 2730 Case No. 2023-03295 

[*1]Tuckahoe Realty LLC, Plaintiff-Appellant,
v
241 East 76 Tenants Corp., Defendant-Respondent.

Morrison Cohen LLP, New York (Aaron B. Lauchheimer of counsel), for appellant.
Braverman Greenspun, P.C., New York (Drew Pakett of counsel), for respondent.

Order and judgment, Supreme Court, New York County (Nancy M. Bannon, J.), entered June 29, 2023, which, insofar as appealed from, denied plaintiff's motion for summary judgment on its claim for declaratory relief and granted defendant's motion for summary judgment for a declaration declaring that the parties' lease requires the tenant to pay for water used or consumed for any purpose other than ordinary lavatory purposes or used in unusual quantities, in the landlord's sole discretion, unanimously affirmed, with costs.
The motion court properly denied plaintiff-tenant's motion for summary judgment and granted summary judgment in favor of defendant-landlord to the extent of dismissing the complaint and issuing a counter-declaration declaring that paragraph 28(c) of the lease required the tenant to pay for water used or consumed at the premises for any purpose other than "ordinary lavatory purposes or used in unusual quantities." The lease also provides defendant shall be the "sole judge" of whether water usage exceeds that threshold. Contrary to plaintiff's contention, the terms of the lease and rider do not contradict each other and each of the terms can be read and enforced in harmony. (see Greenfield v Philles Records, 98 NY2d 562, 569 [2002]).
The motion court correctly rejected plaintiff's assertion that charging additional rent for excessive water use in defendant's discretion as permitted by the lease produces "a result that is absurd . . . or contrary to the reasonable expectations of the parties" so as to warrant a different result (Matter of Lipper Holdings v Trident Holdings, 1 AD3d 170, 171 [1st Dept 2003]). The motion court also properly determined that the lease's no waiver provision precluded a finding of waiver absent a writing by defendant (see e.g. Excel Graphics Tech. v CFG/AGSCB 75 Ninth Ave., 1 AD3d 65, 69 [1st Dept 2003], lv denied 2 NY3d 794 [2004]). Therefore, the issuance of the counter-declaration was warranted.
We have considered plaintiff's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 8, 2024