Embarq, L.L.C. v Bank of N.Y. Mellon Trust Co., N.A. (2025 NY Slip Op 05763)

Embarq, L.L.C. v Bank of N.Y. Mellon Trust Co., N.A.

2025 NY Slip Op 05763

Decided on October 21, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 21, 2025

Before: Moulton, J.P., Friedman, Kapnick, Shulman, O'Neill Levy, JJ. 

Index No. 651404/23, 153442/23|Appeal No. 4252-4253|Case No. 2024-02665, 2024-05235|

[*1]Embarq, L.L.C., Plaintiff-Respondent,
v
The Bank of New York Mellon Trust Company, N.A., Defendant, Capital Research and Management Company et al., Defendants-Appellants.

In the Matter of The Bank of New York Mellon Trust Company, N.A., as Indenture Trustee for 2036 Notes, Petitioner,
v
Capital Research and Management Company et al., Respondents-Appellants, Embarq, L.L.C., Respondent-Respondent.

Paul Hastings LLP, New York (Daniel A. Fliman of counsel), for appellants.
Akin Gump Strauss Hauer & Feld LLP, New York (Z.W. Julius Chen of counsel), for respondent.

Order, Supreme Court, New York County (Andrea Masley, J.), entered on or about April 15, 2024, which granted in part the motion of plaintiff Embarq, LLC for summary judgment for declaratory judgment and denied the motion of defendants Capital Research and Management Company (Cap Re) and Discovery Capital management, LLC (Discovery) for summary judgment on their counterclaims, unanimously affirmed, without costs. Order, same court and Justice, entered on or about August 6, 2024, which granted in part the petition of The Bank of New York Mellon Trust Company, the Indenture Trustee, seeking judicial instructions regarding the assertions by certain noteholders of the Indenture, unanimously affirmed, without costs.
The indenture pursuant to which Embarq issued the notes held by Cap Re and Discovery's clients defines "Property" as "any asset or property. . ., whether now owned or hereafter acquired, or any interest therein or any income or profits therefrom, including capital stock and indebtedness of Subsidiaries." Cap Re and Discovery contend that "Property" includes Embarq's equity value in its immediate, wholly owned subsidiaries (Direct Subsidiaries); in the alternative, they contend that it is ambiguous. Although the term Property as used in the indenture is susceptible to multiple interpretations, and thus ambiguous, that does not require reversal of the grant of summary judgment in Embarq's favor.
If "the parties . . . advance[] two plausible interpretations" of a contract (Kolbe v Tibbets, 22 NY3d 344, 355 [2013]), a court may "consider extrinsic evidence" (id.).The prospectus pursuant to which Embarq sold the notes at issue warned that Embarq "may. . . incur additional debt . . . to which the notes would be structurally subordinate." One of the risk factors was that Embarq's "subsidiaries will have no obligations to the holders of the notes." However, if "Property" is interpreted as broadly as Cap Re and Discovery want, Embarq's Direct Subsidiaries would be prohibited from pledging their assets; in effect, the subsidiaries would have obligations to the noteholders. Here, as in Giray v Ulukaya (212 AD3d 439 [1st Dept 2023], lv denied 40 NY3d 909 [2024]), "although the words might seem to admit of a larger sense, yet they should be restrained to the particular occasion and to the particular object which the parties had in view" (id. at 440-441 [emendations and internal quotation marks omitted]).
If equity value can constitute "Property," Cap Re and Discovery contend that the guarantees that Embarq and its Restricted Subsidiary gave in a 2022 transaction (the LBO Debt Guarantees) and the security interests that Embarq's Direct Subsidiaries gave (the LBO Debt Security Interests) constitute "Liens" under the indenture. The indenture defines "Lien" as "any mortgage, . . . pledge, . . .security interest, lien, charge,. . . encumbrance, preference, priority or other security agreement or preferential arrangement of any kind or nature whatsoever on or with respect to. . .Property." The prospectus shows that Property does not include Embarq's equity value in its Direct Subsidiaries; hence, the LBO Debt Security Interests do not constitute Liens.
The LBO Debt Guarantees are not Liens either. The indenture says that Embarq and any Restricted Subsidiary may "guarantee indebtedness secured by Liens" and thus "guarantee" must mean something distinct from "Lien."
Supreme Court properly granted Embarq's motion for summary judgment dismissing Cap Re and Discovery's counterclaim for breach of the implied covenant of good faith and fair dealing. First, our conclusions above mean that we are affirming the dismissal of the contract counterclaim. "[A] claim for breach of the implied covenant of good faith and fair dealing cannot be used as a substitute for nonviable contract claims" (Pope Contr., Inc. v New York City Hous. Auth., 214 AD3d 519, 521 [1st Dept 2023]; see also StarVest Partners II, L.P. v Emportal, Inc., 101 AD3d 610, 613 [1st Dept 2012]).
Second, Cap Re and Discovery have not satisfied their "heavy burden" (Cordero v Transamerica Annuity Serv. Corp., 39 NY3d 399, 410 [2023] [internal quotation marks omitted]) of showing that a covenant that Embarq would not interfere with or attempt to undermine the Embarq Notes' rank and priority with respect to equity value in the Direct Subsidiaries held by Embarq was "implicit in the agreement viewed as a whole" (id. [internal quotation marks omitted]) or that it was reasonable to understand the indenture as stating such a promise (see id.). Cap Re and Discovery admit that the phrase "equity value" is not used within the indenture. Similarly, the term "Direct Subsidiaries" is not used therein. An implied covenant that relies on words that are not even in the contract is hardly "implicit in the agreement viewed as a whole" (id. [internal quotation marks omitted]).
Third, the counterclaim for breach of the implied covenant of good faith and fair dealing is duplicative of the breach of contract counterclaim. The latter alleges, "Embarq violated the Equal and Ratable Covenant by causing or permitting the Direct Subsidiaries to grant LBO Debt Security Interests and the LBO Debt Guarantees." The former alleges, "Embarq breached the implied covenant of good faith and fair dealing. . . when it granted or issued (or caused or permitted the Direct Subsidiaries to grant or issue): (i) the LBO Debt Security Interests; and (ii) the LBO Debt Guarantees." These counterclaims "arise from the same operative facts" (Mill Fin., LLC v Gillett, 122 AD3d 98, 104-105 [1st Dept 2014]); therefore, they are duplicative (see id.; see also MBIA Ins. Corp. v Merrill Lynch, 81 AD3d 419, 419-420 [1st Dept 2011]).
The Decision and Order of this Court entered herein on May 1, 2025 is hereby recalled and vacated (see M-2025-03136 decided simultaneously herewith).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 21, 2025